No. 28.—JOSEPH A. L. LEE, plaintiff in error, *vs.* MOSES H. BALDWIN, defendant in error.*

[1.] The answer of a defendant to a bill in Chancery, is evidence for him, so far only, as it is *responsive* to the call of the bill for discovery of facts alleged therein, or necessarily connected with the responsive matter, or explanatory of it.

[2.] The general rule is, that where a party receives a note as *collateral* security for a debt, without any *special agreement*, the party receiving

---

; *NOTE.—For former decision in this cause, see 7 *Geo. Rep.* 186.

Lee *vs.* Baldwin.

such note must use ordinary care and diligence in collecting it; and if any loss should happen to the other party by reason of a want of such care and diligence, the law will compel him to make good the loss; but if there is any special agreement between the parties, then they will be bound by such special agreement, and not by the general rule.

[3.] A new trial will not be granted, although the Court may have admitted to the Jury illegal evidence, if such illegal evidence was *immaterial*, and its rejection could not have changed the result of the verdict.

In Equity, in Muscogee Superior Court. Tried before Judge IVERSON, May Term, 1851.

Moses H. Baldwin brought suit against Joseph A. L. Lee, on a promissory note for $317. Lee filed a bill to enjoin this suit, alleging that he had deposited with Baldwin, as collateral security, a note on John W. Lee, for $600; " that at the time he gave said $600 note to said Baldwin, he took his receipt therefor, specifying the purpose for which it was delivered to him, which receipt he had lost or mislaid, which leaves him without proof of its contents, or of the contract under which said Baldwin held and received said note." The bill alleged, that by the negligence of Baldwin in not suing and collecting the note, the same was barred by the Statute of Limitations, and lost to the complainant. The prayer was for discovery and relief.

The answer of Baldwin stated, that at the time of the loan, complainant " left with defendant, the said note of $600, on his brother, John W. Lee, as collateral security, stating that the note was perfectly good, and that he did not wish this defendant to do anything with the said note, until he (complainant) returned home, but just to keep and hold it for his protection; and that he should return in a month or two, which, however, turned out not to be true, so far as his return was concerned, as the said complainant did not return, nor did this defendant find out where he was or what had become of him, until about twelve months afterwards, and then learned that he had returned to, and was living in Columbus, and did not return to Macon, the place of his former residence, as was expected."

The answer alleged, that suit was brought against John W

VOL X 27

Lee on the note, and was successfully defended by him, several pleas being filed, among others, the Statute of Limitations. The answer denied all negligence, and any notice by complainant to sue the note on John W. Lee, until long after defendant had, of his own accord, brought the suit.

On the trial, it was proved by John W. Lee, that he was solvent and able to pay the note for $600.

Counsel for complainant requested the Court to charge the Jury, that the portion of defendant's answer above transcribed, commencing at the word " stating " and ending at the word " expected," was not responsive to the bill, nor evidence for the defendant. The Court declined so to charge, but on the contrary, charged that the same was responsive to the bill.

This is the first error assigned.

Complainant's counsel farther requested the Court to charge, 1st, " That if the contract was, that defendant was not to push the collection of the collateral security until complainant returned home, and complainant actually returned a year or two before the note was barred by the Statute of Limitations, the defendant was bound then to sue without any previous request by complainant, and his failure to do so made him liable for the loss accruing through his negligence."

2d. " That if the contract was, that defendant was not to push the collection of the collateral security until complainant returned home, provided he returned in a month or two, and complainant did not return in a month or two, after which time, defendant took steps to sue, but through his own negligence, or that of his attorney, suit was not commenced until the suit was barred by the Statute of Limitations, that defendant thus made the note his own, and must account therefor to the complainant.

3d. That if by the contract defendant had the right to sue at his option, upon the collateral security, without further leave from complainant, and neglected so to do until the suit was barred, and the defendant then brought suit and was defeated, he thus made the note his own, and was bound to account therefor to the complainant."

The Court declined so to charge, and error is assigned thereon.

The Court charged the Jury, among other things, " That although in the common case of a party receiving a note as collateral security for a debt, without any special agreement, the party receiving the note should use ordinary care and diligence in collecting it, and if any loss should happen to the other party by reason of a want of such care and diligence, the law would compel him to make good the loss. But if the collateral security was received upon terms and qualifications expressed by the parties at the time, and if a loss is sustained in consequence of the act or omission of the creditor taking the security, then the question whether the loss should be made good to the other party, would depend upon the nature and character of the terms so expressed as aforesaid ; and that if the Jury believed that at the time of the delivery of the said ($600) note, it was stipulated between the parties that defendant should not do anything with said note, until said complainant returned home, but just keep it and hold it for his protection, until said complainant should call on him and require him to do something with the note, and the defendant did not, in fact, return and call on him to do anything with it, then the defendant was not to be made to repair any loss which might have accrued to said plaintiff, by reason of a failure on the part of defendant to do anything with said note."

Upon all of this charge, the complainant's counsel assigned error.

H. HOLT and BENNING, for plaintiff in error.

THOMAS and DOWNING, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first ground of error assigned to the judgment of the Court below is, in ruling that the answer of the defendant was responsive to the allegations in complainant's bill, in respect to the contract and the terms thereof, under which, the note of John

W. Lee was placed in the hands of the defendant by the complainant, as *collateral* security. The complainant alleges in his bill, " that at the time he gave said six hundred dollar note to the defendant, he took his receipt therefor, specifying the *purpose* for which it was delivered to him, which receipt he has lost or mislaid, which leaves him without proof of its contents, or of the contract under which said defendant held and received said note." The complainant further alleges in his bill, " that he cannot make the requisite proof of the delivery of said note for six hundred dollars, without resorting to the conscience of said defendant." This bill then, was filed by the complainant to compel a discovery from the defendant of *the contract* under which the six hundred dollar note, made by John W. Lee, was placed in the hands of the defendant, as collateral security, for the payment of the note of three hundred and seventeen dollars, due him by the complainant.

The rule applicable to such cases, was stated by this Court in *Eastman vs. McAlpin,* 1 *Kelly,* 170. In that case it was held, that the answer of the defendant is evidence for him so far as it is responsive to the call of the bill for discovery, or connected necessarily with the responsive matter, or *explanatory* of it. Let us now test the defendant's answer by that rule, who is called on to discover *the contract* under which the note was received, and the *purpose* for which it was received. Inasmuch as the receipt taken at the time, therefore, is lost, the defendant answering says, that he (complainant) " left with this defendant the said note of six hundred dollars, on his brother John W. Lee, as *collateral* security, stating that the note was perfectly good, and that he did not wish this defendant to do anything with the said note of six hundred dollars, until he returned home, but just to keep and to hold it for his protection, and that he should return in a month or two."

This part of the defendant's answer is most clearly *responsive* to the charge in complainant's bill, in relation to the reception of the six hundred dollar note, and states the *contract* under which it was received, and is, therefore, evidence for the defendant, as to the terms upon which the note was received by him from the

Lee *vs.* Baldwin.

complainant.  The  defendant  further  answered,  in  addition  to ` the fact that the  complainant stated he should return  in a month or two,  " which, however,  turned out  not to be true,  so far as his return was concerned, as  the said  complainant  did not re- turn,  nor  did this defendant  find out  where he was,  or what  had become of  him,  until  about  twelve months afterwards,  and then learned that he had returned to,  and  was living in Columbus, and did not  return to Macon,  the  place  of  his former  residence,  as was expected."   The Court  below held,  that this latter part of the defendant's answer  was responsive,  and  also  evidence for the defendant,  and so instructed the Jury.

This latter part of  defendant's answer  in regard to  the *return* of the  complainant,  and  in regard to  his *knowledge  of  his resi- dence*,  was not, in our  judgment, evidence for the defendant, be- cause,  not responsive to any allegation made in the bill.    There is no allegation as to the *return* of the complainant,  or as to his *place of residence*,  when he did return.

[2.]  The next ground of  error assigned is,  as to  the refusal of the Court to charge  the  Jury as  requested  by counsel for complainant,  and to  the charge  as given  by  the Court to  the Jury,  as the same appears in the record  before us.   We are of the opinion the Court below did not err in  refusing to charge as requested,  and that the  charge as given by the Court to the Ju- ry,  stated the law correctly,  as applicable to the facts of the case then before it.

The  Court  stated the general  rule to be, that where a party received a note as *collateral* security for a debt, *without any spe- cial agreement*,  the party receiving the note  should use ordinary care and diligence in collecting it,  and  if  any loss should hap- pen to the other party  by  reason of  a want of  such care and diligence,  the  law would  compel  him  to  make good the loss. *Lawrence vs.  McCalmont et al.* 2 *Howard's  U. S. Rep.* 427.    The Court then  submitted  the question to the Jury,  as to  whether there  was a *special agreement* made between  the parties in  this case,  which would take it out of  the general rule,  and what was the term of  that special  agreement,  and held  that  the parties must be  bound by that agreement.

[3.] Shall this case be sent back for the error in the Court admitting the defendant's answer to be evidence in relation to the defendant's return and residence ? Most clearly not, for the reason that the whole case turned upon the contract under which the six hundred dollar note was received by the defendant from the complainant, and what were the *terms* of that contract. The answer of the defendant was responsive as to the contract, and is the only evidence contained in the record to that point. Whether the complainant returned within a month or two, or whether the defendant knew where he was, either at Columbus or Macon, did not, and could not, alter the special agreement made between the parties as to the *terms* on which the defendant received the note from the complainant. There being no *contradictory* evidence as to what the defendant in his answer, stated the special agreement between the parties to have been, and the admission of the illegal evidence being wholly *immaterial* as it regards that the main point in the case, the verdict of the Jury ought not to be disturbed by granting a new trial. *Brook vs. Young*, 4 *Ala. R.* 584. *McClesky vs. Ledbetter*, 1 *Kelly*, 556. *Stubbs vs. Central Bank*, 7 *Geo. Rep.* 261.

Let the judgment of the Court below be affirmed.