Cardin vs. Jones.

23  175<br>108  493

CHALES T. F. CARDIN, plaintiff in error, *vs.* JOHN JONES, defendant in error.

[1.] The clients of a practicing attorney who is elected to the bench, must look to their own cases, and the simple announcement from the Court, that no cause will be tried, in which he was employed, will not entitle a party to an injunction, if he had no substantial defence.

[2.] An order dissolving an injunction on terms, or directing a credit to be put on an execution, which the plaintiff admits he received, and then orders the injunction which stays the execution to be dissolved, is not a decree or order which requires the intervention of a jury.

[3.] A creditor who receives a promissory note, on a third person, from his debtor, as collateral security for the payment of his debt, does not, by suing the note in his name, become the security of the maker of the pledged note.

In Equity. In Randolph. Decision by Judge KIDDOO. December, 1856.

This was a bill filed by Charles T. F. Cardin, against John Jones.

The bill sets out, that on the 27th of August, 1850, complainant gave to defendant his promissory note for $400, which defendant placed in the hands of William C. Perkins, Esq., or some other attorney, for collection. That to prevent suit on said note, complainant turned over to Jones, or his attorney, a note on Lemon Dunn, for the same amount, upon which suit was brought in the name of Jones, and judgment recovered against Dunn, which was controled by Jones and his attorney. That *fi. fa.* issued upon said judgment, and was levied upon property of Dunn fully sufficient to have paid off the same, but, that on the day the same was advertised to be sold, Jones entered into an arrangement with Dunn, to postpone the sale, and received or was promised, in consideration of his agreement to said postponement, the sum of one hundred and seventy (170) dollars. That by said arrangement and postponement, complainant's rights were jeopardized, and the collection of said judgment rendered doubtful.

That afterwards, suit was brought by Jones, on the note which he held against complainant, who employed Judge Kiddoo, then at the bar, to defend it. That afterwards, Judge Kiddoo was elected to the bench. That complainant attended the Court at the trial term, when it was announced that none of the cases in which Judge Kiddoo had been of counsel, whether for plaintiffs or defendants, would be tried. Relying upon this, complainant left the Court, assured that nothing would be done with his case that term. That afterwards, and by some means unknown to complainant, judgment was had at that term of the Court, against him, and execution issued, which is now proceeding, and has been levied on his property. The bill prays for an injunction, &c.

The answer admits that defendant put in the hands of his attorney, for collection, the note which he held against complainant, mentioned in the bill, and that complainant placed

a note for the same amount, on Lemon Dunn, in the hands of the same attorney, but denies that it was placed there to prevent suit being brought on complainant's note, with the knowledge or consent of defendant, and avers that he knew nothing of any suit in his name, against Dunn, until after judgment was obtained against him; when he was informed by his attorney, that the same had been done at the request of complainant.

That after judgment against Dunn, he used every effort in his power to have the money made out of Dunn, but was ready and willing to give the control of the execution up to complainant, defendant interfering only so far as to see that the money was collected as speedily as possible. Admits that a large amount of Dunn's property was levied on, to satisfy several *fi. fas.*, but denies that said property was sufficient to satisfy the executions which were of older date than the one in defendant's name against him. Admits that the property was brought to the court-house on sale day, in July and August, for sale, and that he was present, but denies that he was there with the view to retard or prevent that sale, but, on the contrary, he was there for no other purpose than to ascertain the probability of getting his money, due on said *fi. fa.*, by the sale of the property, and denies that he entered into any negotiations with Dunn or his agent, to postpone said sale, but insisted upon the sale of the property; but he was informed that the property was wholly insufficient to satisfy the *fi. fas.* of older date than his, and if the property was then sold, at such a season of the year, it would be sacrificed. Complainant was present, having brought the property there, and delivered it to the Sheriff; he was the father-in-law of Lemon, and not only consented to the postponement of the sale, but insisted upon it, and after the postponement, he took the property into his possession, to be delivered to the Sheriff on some future day; that defendant, when solicited by the creditors of Dunn to consent to the postponement, refused, giving as a reason, that he was greatly in need of $170, when

William Dunn, a creditor of Lemon Dunn to a large amount, to prevent the property being sacrificed, voluntarily offered to advance to defendant, said amount, and to take the control of the *fi. fa.*, to that extent, to which defendant agreed, but not with any intention to defeat the collection of the amount due on said *fi. fa.* He denies that the property would have brought more if sold that day, than it did bring when afterwards it was sold. That he did not know William Dunn as the agent of Lemon, in the transaction, and denies that the money due on said *fi. fa.* would have been paid, but for said postponement. Said property was afterwards sold for as good or better prices, than it would have brought on this occasion, and the money arising from the sale was applied to judgments of an older date than the one in favor of defendant. Admits the suit on his note against complainant, the judgment thereon, and the execution and levy, but knows nothing of his employing an attorney to make any *defence for him,* and is informed by his counsel that no appearance was entered, or plea filed, in the case, and denies that the announcement made by the Judge, as charged in the bill, is any sufficient reason to excuse complainant, for not defending said suit at the judgment term.

Defendant offered to give complainant the benefit of the sum of $170, received by him from William Dunn, by entering a credit for that amount on his *fi. fa.* against him, but this complainant declined, and he makes the same offer in his answer, and prays that the injunction be dissolved.

The cause coming before Judge Kiddoo, was heard on bill and answer, and he ordered the injunction to be dissolved, upon entering a credit on the *fi. fa.* for one hundred and seventy dollars, and that defendant be allowed to proceed for the balance, and complainant, by his counsel, excepted.

Hood & Robinson, for plaintiff in error.

Geo. L. Barry, for defendant in error.

Cardin vs. Jones.

*By the Court.*—McDONALD J., delivering the opinion.

The presiding Judge in the Court below, on the coming in of the defendant's answer, dissolved the injunction. The complainant in the bill below, excepts to the decision.

The defendant had placed a note of $400, given to him by the plaintiff, in the hands of an attorney for collection. To prevent the attorney from suing that note, the plaintiff placed in the hands of the same attorney, a note for the same amount on Lemon Dunn; suit was brought against Dunn on this latter note, in the name of the defendant. It was reduced to judgment, and an execution was issued by the Clerk, and levied by the Sheriff, on the property of Dunn, which was advertised for sale. On the day on which the property was advertised for sale, the defendant agreed to a postponement of the sale, on receiving, as a loan, from one of the creditors of Lemon Dunn, who desired a postponement of the sale, a loan of one hundred and seventy dollars, for which he was to have the control of the *fi. fa.* to that amount. Failing to collect the amount of the debt from Dunn, suit was instituted against the complainant, on the note placed by the defendant in the hands of an attorney.

The plaintiff alleges in his bill, that he had employed the present presiding Judge, then a practicing attorney, to defend this suit, and that at the trial term of the Court, he attended, and on its being announced that no cause in which the presiding Judge had been employed as counsel for either the plaintiff or the defendant, would be tried, he left the Court, and afterwards this cause was tried.

The defendant denies that there was ever a defence entered or plea filed to this case.

[1.] We will first dispose of the equity which the plaintiff claims, on the ground that he was debarred from his defence by the announcement made in the Court below. According to his own showing, he had employed no counsel after the

Cardin vs. Jones.

election of his original counsel to the bench. It does not appear that he applied to the Judge to employ counsel, or that he consulted him on the subject, nor that he was prevented by any cause from doing it. He was altogether at fault. He could not lie by, under the circumstances, and rely upon others to protect his rights. If he had had a substantial defence, and was misled by the Court, the case might have been otherwise. It cannot be presumed that the Court, under the announcement stated in the bill, would have postponed a cause, in which he knew there would be no substantial defence, merely because he had been spoken to as counsel before his election. According to the rule by which Courts are governed on motions to dissolve an injunction on the coming in of the answer, we must look to the answer for the equity of the cause. *Castleberry vs. Scandett*, 20 *Ga. Rep.* 250. If the answer be responsive to the bill, and the equity on which the injunction was granted, is denied, the injunction must be dissolved. All the equity claimed by the plaintiff, except that which we have disposed of, is, that he is entitled to relief on account of the defendant's postponing the sale of Dunn's property for a consideration, and because if it had been sold on the day of the postponement, it would have paid all the debts. All the allegations of the bill in reference to these matters, are denied by the answer, and this being a motion simply to dissolve the injunction, the denials of the answer must prevail.

[2.] It is insisted that the order passed by the Judge at Chambers is final, inasmuch as it directs $170 to be entered as a credit on the *fi. fa.*, and that it is void because it is done without the intervention of a jury. It is not a decree, as was the case of *Hargraves vs. Lewis*, 3 *Kelly*, 162. If it be an error, it is not one which prejudices the plaintiff. If an error, it is one against the defendant, because he says the $170 was a loan, and neither a payment nor the price of postponing the sale, and the party making the loan controls the *fi. fa.* against Lemon Dunn for his reimbursement, to

the extent of the loan. If that be the case, the plaintiff has the benefit of it, as an absolute payment, while the defendant loses that amount, if it cannot be collected on the execution, for he is bound, if it be a loan, to repay it. The order for dissolving the injunction might have been more properly framed, by directing the execution to proceed for the entire amount, excepting the $170, and allowing that sum to remain until it was determined whether it could be collected on the execution against Lemon Dunn. The plaintiff has a more favorable order, perhaps, than he could have obtained at a hearing of the cause.

[3.] It is a strange proposition, contended for by the plaintiff's counsel, that a creditor who receives a promissory note from his debtor, as collateral security, and brings suit on it in his own name, converts himself into a surety for the debtor's debtor. He is bound to due diligence in the collection of the debt, and if anything is lost by the want of it, he is to be the loser.

The bill is not dismissed, and if the plaintiff thinks proper to have a hearing before a jury, he is entitled to it. The dissolution of the injunction does not prevent that. It only turns the execution loose.

Judgment affirmed.