## IN THE

Supreme Court of Georgia,

## AT ATLANTA.

### SEPTEMBER TERM, 1880.

PRESENT—JAMES JACKSON,* . . . . CHIEF JUSTICE.
　　　　　MARTIN J. CRAWFORD, . . ASSOCIATE "
　　　　　WILLIS A. HAWKINS, . . .　　"　　"
　　　　　ALEXANDER M. SPEER, .　　" .　　"

---

## COLQUITT & BAGGS vs. STULTZ.

1. One who receives collateral security is bound to the use of reasonable diligence in connection therewith. If the collateral be promissory notes or like evidences of debt, he is bound to use ordinary diligence to collect them. But where stock, worth about par, was deposited as collateral security, the creditor was not compelled, on failure of the debtors to pay the debt, to sell the collateral; although he had the option to do so, in the manner provided by the Code, §2140. His not selling, although he knew that the debtors had failed in business, and the subsequent depreciation of the stock, constituted no defense to an action on the indebtedness, it not appearing that the debtors took any steps to secure a sale.

2. It did not alter the case that the stock was transferred on the books and new stock issued to the creditor. No sale was claimed, and he held only *sub modo*. A plea to an action on the debt which sought to recoup because of the failure of the creditor to sell the collateral, and its subsequent depreciation, not caused by him, was demurrable.

---

*·Chief Justice WARNER having resigned, Justice JACKSON was appointed by the governor to succeed him. Hon. WILLIS A. HAWKINS was appointed to succeed Justice JACKSON. At the election by the General Assembly, in November, 1880, to fill these unexpired terms, together with that of Justice BLECKLEY, to whose seat Justice CRAWFORD had been appointed, Justice JACKSON was elected Chief Justice, and Justice CRAWFORD and Hon. A. M. SPEER, Associate Justices, Justice HAWKINS not being a candidate, and having only consented to serve until the General Assembly convened.

Pawn.  Collateral security.  Contracts.  Damages.  Negligence. Before Judge WRIGHT.   Mitchell Superior Court. March Term, 1880.

Reported in the decision.

BUSH & LYON ;  R. N. ELY ;  D. H. POPE, for plaintiffs in error.

WARREN & HOBBS, for defendant.

JACKSON, Chief Justice.

To an action brought by the defendant in error against the plaintiffs in error, besides the general issue, the following pleas were filed :   " And for further plea in this behalf, this defendant says that when defendants gave said plaintiff the promissory note now sued on, they also gave him, as collateral security for said note, a certificate of thirty shares of stock in ——— bank, a banking corporation located at Fort Valley, in said state, of one hundred dollars each, amounting in the aggregate to three thousand dollars, that when said note became due, and for some time thereafter, said bank stock was worth in the market, if it had been sold, enough to discharge said note.   That said plaintiff took no steps to sell said stock or to realize on the same, but held the same after he knew that defendants had failed in business, and had been compelled to compromise with their creditors, until said bank stock had greatly depreciated.   And defendant pleads that said plaintiff could, by the use of due care and diligence, have realized more than enough to discharge said note from the proceeds of said bank stock.   Wherefore defendants say that said note has been fully paid off and discharged.

"And for further plea and answer, this defendant says that said stock was absolutely transferred to said plaintiff, that is to say, the stock was renewed and issued in the name of the plaintiff by said bank, and that the plaintiff, and he only,

had, or could have, any control of said stock; that at the time said note of defendants became due and owing, that said stock was worth about par, and that plaintiff could certainly have disposed of the same, and have paid the said note but that he failed to do so' of his own accord, but held it and collected the dividends and distributive shares thereon until said stock failed ; that the stock is now in the name of said plaintiff, and has become worthless except six or eight per cent. on same. By the failure of plaintiff to dispose of said stock or recover thereon, as he should have done, at the failure of defendants to pay said note, he has injured and damaged defendants, and defendants are entitled to recoup for the same in the sum of fifteen hundred dollars, or other large sum, which he prays may be allowed as a recoupment against plaintiff's demand."

The court, on demurrer, struck the said two pleas, and this being done, the plea of the general issue was withdrawn, and the court rendered judgment against the defendants ; whereupon they excepted, and assign for error the striking said pleas.

1. The property in the hands of the plaintiff as a pawn or collateral security, consisted of bank stock. The only conduct attributed to the plaintiff by the first of the two stricken pleas by which defendants are alleged to have sustained damage, is the failure to sell the stock and realize on it when he ascertained that defendants had failed in business, and had been compelled to compromise with their creditors, until the stock fell from par to eight or ten per cent., whereas if the plaintiff had sold he would have realized enough to pay the debt, and therefore the plea concludes that the note is paid and pleads full payment, and discharge from any further payment.

We cannot see that the plea is good as a plea of payment. It does not allege that such was the contract between the parties ; but sets out the transaction, not as payment but as collateral to insure or secure payment.

If the collateral or pawn had been promissory notes, and the plaintiff had failed to sue and collect until the party became insolvent or in sinking circumstances, then the plaintiff would have been guilty of negligence, and would have been responsible to defendants for the loss. But this was bank stock, the possession of which was given as collateral to secure the debt, and the only power the plaintiff had was to sell the stock, on notice of thirty days to the defendants. The defendants could have ordered the sale as well, or they could have paid the debt and sold and made five hundred dollars at the maturity of the note. Both parties seemed willing to risk the stock. If it has increased in value, the increased value would have been defendants' gain; as it depreciated they should bear the loss. Code, §§2138, 2139, *et seq.*

The plaintiff was bound for ordinary care of the stock. Code, §2145. If the deposit had been promissory notes or other evidences of debt, then he should have been ordinarily diligent to collect them. Code, §2145. But this was stock, not to be sued for, and his only negligence charged is not selling. This he had discretion to do or not; and if he did, he could only sell on terms prescribed by law. Code, §2140.

2. The second plea is a plea of recoupment. There is no allegation that the stock was sold by the defendants to the plaintiff—no price fixed therefor—no exchange of the stock for the note—nothing of the sort. The plea must be construed most strongly against the pleader, and we do not see any damage resulting from the negligence of plaintiff so as to authorize that it be recouped against him. On the contrary, he applied the dividends regularly, it appears from the declaration, to the note, by which fifteen hundred dollars thereon was paid, and he kept the stock, thus preserving the corpus of the collateral or pawn without deterioration by any action of his. His only fault charged against him in the plea is that he did not sell it, and that he could only have sold it as he held the

certificate. Was it his duty to sell it? Did the law put on him that obligation and charge him with negligence in not selling? We think not. On the contrary, it was optional with him, and then only after notice to defendfendants and at public sale. Code, §2140.

The title only passed *sub modo*, not from defendants, but on certificate issued by the bank. It was only in him as collateral security. He applied the dividends to the note, and the stock is ready to be returned. Had it appreciated, he would have made nothing; as it depreciated in his hands without legal. negligence or fault on his part, he should lose nothing. Had it appreciated, the profits would have been defendants; as it depreciated, the loss is theirs.

So the pleas were properly stricken and the judgment is affirmed.

Judgment affirmed.