Colson vs. Meyers.

---

COLSON vs. MEYERS.

1. Where the evidence on the controlling issue in a case is conflicting, it is error for the judge to direct a verdict in favor of one of the parties.

2. In a suit against a stakeholder to recover an amount deposited with him by two parties to a bet, the evidence being conflicting as to whether the plaintiff made a demand upon the stakeholder for the return of his money, and it not being clear whether, if a demand was made, it was before the stakeholder paid over the money to the winner, these questions should have been submitted to the jury; and it was error to direct a verdict in favor of the plaintiff.

(a) The bet being on the result of an election, a letter from one of the parties to the stakeholder, notifying him not to pay over the

money, as.the writer would probably contest the election, was not such a demand by the writer for the money deposited by him as would make the stakeholder liable upon payment to the winner thereafter.

3. Although the words of a charge as excepted to in a ground of a motion for a new trial were not approved, but the judge approved and certified as correct the charge "as set out and embodied hereinafter," and thereupon supplied the correct phraseology, and where the bill of exceptions recites that the defendant "moved for a new trial in said cause upon the grounds of the motion set out in the record, as approved by the court," the motion was, in effect, approved by the court as corrected; and the bill of exceptions will not be dismissed.

March 28, 1888.

Practice in superior court. Charge of court. Gaming. Stakeholders. Demand. New trial. Practice in Supreme Court. Before Judge ADAMS. Glynn superior court. May term, 1887.

Reported in the decision.

GOODYEAR & KAY, IRA E. SMITH and S. C. ATKINSON, for plaintiff in error.

FRANK H. HARRIS, contra.

SIMMONS, Justice.

A bet was made between Meyers and Burbage upon the result of the mayor's election in the city of Brunswick. Meyers put in the hands of Colson $500, and Burbage also put in the hands of Colson a like sum; and if Spears should be elected, Burbage was to take the whole amount; if Dunn should be elected, Meyers was to have the whole amount. On the day of the election Meyers weakened, and wrote a note to Colson, the stakeholder, as follows:

"BRUNSWICK, Ga., Dec. 12, 1885, 11 o'clock, P. M.

"M. J. Colson, Esq. :

"DEAR SIR,—You are hereby notified not to turn over stakes or money held by you between myself and Mr. Burbage, as I shall prob-ably contest the election.

"Yours respectfully,          ISAAC MEYERS."

Meyers claimed that in addition to this, he saw Colson on Sunday after the election on Saturday, and told him not to pay over the money, as he would probably contest the election; and also claimed that on the Monday following, he saw Colson again and demanded his $500. Colson, on the trial, denied this. Harris, who was employed by Meyers to recover the $500 from Colson, testified that at some time during the week after the election, he, as Meyers' attorney, demanded the $500 from Colson. Colson testified that, to the best of his knowledge and belief, Harris made no such demand before he paid over the money. Meyers brought suit against Colson, as stakeholder, for the recovery of the $500 placed in his hands. Upon the trial, the above recited facts were introduced before the jury; and under instructions from the court, the jury returned a verdict for the plaintiff for $500 and interest. A motion for a new trial was made upon the several grounds contained therein, which was overruled by the court, and the defendant excepted.

1, 2. The main ground of complaint by the plaintiff in error is the following charge of the court: "Under the testimony as adduced by both sides, the plaintiff is entitled to a verdict, and you should find for the plaintiff in the sum of $500 with interest from the time of the demand." The complaint is that there was some conflicting evidence before the jury, and that the judge should have left it to the jury instead of deciding upon the evidence himself. We think the point is well-taken. The evidence was conflicting as to the demand made upon Colson. Meyers testified positively that he made the demand on Monday after the election; Colson as positively denied this. Harris testified positively that he made the demand the week he was employed by Meyers to bring the suit, but he failed to state in his testimony whether Colson had then paid over the money to Burbage or not. Colson, while he did not deny Harris's testimony altogether as positively as he did that of Meyers, stated that no demand was made to the best of

his knowledge and belief before he paid the money.   Under this state of facts, we think that the judge should have submitted to the jury the questions, (1) whether or not a demand was made, and (2) whether it was made before Colson paid the money over to Burbage or not.   Counsel for Meyers relied somewhat on the letter written by Meyers to Colson.; but we do not think that corroborates Meyers. It is not a demand by Meyers on Colson for his part of the money, but is simply a notice to Colson to hold up the whole amount, as he (Meyers) would probably contest the election.   We do not think that that was such a notice or demand as is contemplated by the statute.

3. When the case was called in this court, the defendant in error moved to dismiss it because there was no approval by the judge below of the grounds of the motion.   We have looked into the record, and find that while the judge does not approve the words of the 4th ground of the motion, which purports to be an extract from his charge, he does, in his certificate, supply the correct phraseology, and states that the charge above alluded to was the charge given by him on that subject; and he approves and certifies as correct the charge of the court " as set out and embodied hereinafter," and the charge above alluded to is the one which he attaches as correct.   In the bill of exceptions it is recited that Colson " moved for a new trial in said cause upon the grounds of motion set out in the record as approved by the court."   We think, therefore, that it is but fair to say that, while the judge did not approve the phraseology of the 4th ground of the motion for a new trial, yet he corrected the motion and substituted his own language therefor, and thus approved the motion as corrected by himself.   For these reasons, we do not think that the bill of exceptions should be dismissed.

Judgment reversed.