### HALL *v.* WORLEY, administrator.

*Atkinson, J.*—The action being against the administrator of a married woman upon a promissory note signed by herself and her husband, the defense to which was that she signed as surety only, and the evidence being conflicting as to whether in executing the note she contracted as a surety or as a principal in her own name and right, it was error to direct a verdict for the defendant.          *Judgment reversed.*

August 18, 1896.

Complaint on note. Before Judge Reese. Elbert superior court. September term, 1895.

J. N. Hall sued the administrator of Mrs. E. C. Hanes, deceased, upon a promissory note for $1,210 "for purchase

money of land," dated February 9, 1889, due December 25, 1889, and signed by E. C. Hanes and C. C. Hanes. Defendant pleaded, that Mrs. E. C. Hanes signed the note as security for C. C. Hanes, who was her husband, and that the consideration of the note was money borrowed by C. C. Hanes, and there was no consideration moving or justifying the signature of E. C. Hanes thereto, save the suretyship for her husband. At the trial, after introduction of the note, C. C. Hanes testified for the defendant, that he borrowed the money for which the note sued on was given, and his wife signed it as security and at his request; that he once went to plaintiff to borrow this money, and he refused to let witness have it, and he had Seymour to go and see plaintiff who afterwards let him have it. Seymour testified, that he went to see plaintiff and told him if he would let C. C. Hanes have the money, his wife would secure him by deed to her land. In rebuttal plaintiff testified: I never did let C. C. Hanes have any money. He came to me to get money and I refused to let him have it. I never had any dealings with C. C. Hanes at all. I didn't let him have any of the money for which the note sued on was given. He had nothing to do with it, except to sign with his wife as her security. He owned some of the land deeded to me to secure this note. I loaned the money to buy part of this land with; my money bought it. I did not let C. C. Hanes have any money. The land my money paid for in part never was in the estate of Mrs. Hanes. I have a deed to the land my money went into, to secure the payment of this note.

The court ruled out the testimony of plaintiff, and directed a verdict for the defendant. Plaintiff excepted.

*G. A. Worley,* for plaintiff.