## MANLY MFG. CO. *v.* WESTERN UNION TEL. CO.

When on account of an error in transmitting a telegraphic message
the receiver thereof is left in doubt as to its meaning, the question
whether or not due diligence required him to ask that the message
be repeated so as to remove its ambiguity is one of fact for a jury.
In the present case, the issue as to this matter was fairly and cor-
rectly submitted to the jury by the judge in his charge; the evidence
was sufficient to sustain the verdict; and there was no error in over-
ruling the motion for new trial.

Argued June 17,—Decided July 25, 1898.

Action for damages.    Before Judge Fite.    Whitfield supe-
rior court.    October term, 1897.

*R. J. & J. McCamy,* for plaintiff.

*McHenry & Nunnally,* for defendant.

SIMMONS, C. J.   An employee of the Manly Manufacturing Company delivered to the Western Union Telegraph Company the following message, to be sent to Manly, the president of the manufacturing company, in another State: "Pierce not finished, expects no trouble collecting, don't say when." In transmitting the message, the telegraph company substituted the word "to" for the word "no." When Manly received the message, he left the other State and proceeded to Dalton, Georgia, where he ascertained the meaning of the telegram sent him. He returned to the other State, and the Manly Manufacturing Co. brought suit against the telegraph company to recover the necessary expenses incurred in making the trip to and from Dalton and the loss of time. The jury returned a verdict for the defendant; the plaintiff moved for a new trial, and, when this motion was overruled, excepted.

The court instructed the jury, in substance, that if they believed from the evidence that the message received by Manly was unintelligible or ambiguous and that a reasonably prudent man would have acted upon it without having it repeated or telegraphing to the sender, plaintiff could not recover; but that if, on the other hand, they believed that a reasonably prudent man would have acted upon it without having it repeated, plaintiff could recover. Under the facts of the case, we think this charge was correct. The message delivered to Manly was not intelligible, certainly it was ambiguous, and the jury was fully authorized to find that he should not have acted upon it without further investigation. He testifies himself that he did not understand the message, and asked the operator who received it what it meant. The operator replied, "that was all he could give" Manly. It seems to us that a prudent man would have made further inquiries, either by telegraphing to the sender or by having the message repeated from the sending station. It is a well-recognized principle of law, that a party injured by another's negligence must himself use all reasonable diligence to lessen his damage. He can not shut his eyes to the damage he has received or is about to receive on account of the negligence

of the other, and claim compensation from him, where he could have avoided the damage by the exercise of due care.    In this case, the exercise of any sort of diligence would have prevented the damage which plaintiff claims to have sustained.    Whether this is so or not, the jury, under the charge of the court, has found that Manly did not act as a reasonably prudent man ought to have acted, and their verdict is sustained by the evidence. The court, therefore, did not err in refusing to grant a new trial. Upon this particular question see the following authorities: Civil Code, § 3830; *Western Union Tel. Co.* v. *Reid,* 83 *Ga.* 401; Western Un. Tel. Co. v. Neill, 57 Tex. 283, s. c. 44 Am. Rep. 589; Hart v. Cable Co., 86 N. Y. 633; Croswell, Electricity, § 431; Gray, Telegraph, § 76; 25 Am. & Eng. Enc. L. 808 et seq.  *Judgment affirmed.    All the Justices concurring.*