## FISHER *v.* GEORGE S. JONES COMPANY.

1. The conversion of a promissory note deposited by a debtor with his creditor as collateral security for the payment of the debt does not entitle the debtor to a credit of the face value of the collateral, but only to an amount which represents the actual damage which he has sustained by such conversion.

2. A defendant who in a plea has admitted a prima facie case in favor of the plaintiff for the purpose of obtaining the opening and conclusion in the case can not, after having failed to carry the burden thus assumed make an amendment withdrawing such admission and thus preclude the plaintiff from the right to rely upon the admission contained in the original plea; and consequently wherein a given case the defendant failed to carry the burden resting upon him by the admission, there was no error in refusing to allow such an amendment and in directing a verdict against him.

Argued May 17, — Decided July 26, 1899.

Foreclosure of mortgage, etc. Before Judge Smith. Wilcox superior court. September term, 1898.

*Cutts & Lawson,* for plaintiff in error.
*George S. Jones,* and *Hardeman, Davis & Turner,* contra.

FISH, J. On February 22, 1890, A. K. Fisher gave to the George S. Jones Company a promissory note for $738.52, due nine months after date. This note was secured by a mortgage on "one 40-horse power engine and boiler" and other personal property. Fisher failed to pay the note at maturity, and the mortgage was foreclosed, and execution issued thereon was levied on the boiler and engine on January 3, 1893. To the levy of this execution Fisher interposed an affidavit of illegality, gave a forthcoming bond and took possession of the property. The affidavit of illegality set up that on October 1, 1890, the defendant, by agreement with the plaintiff, sold to the firm of Wishart, Mayfield & Mobley the engine and boiler levied on, for the sum of $800, for which two promissory notes for $400 each, due respectively four and six months from the date of the sale, were made in favor of George S. Jones Company and turned over to them and they accepted the same; that in 1891, these notes not having been paid, though long since due, the George S. Jones Company accepted from R. E. Wishart, one of the members of Wishart, Mayfield & Mobley, his individual

notes in lieu of the notes given by the firm, and surrendered these notes to the firm, thereby releasing the firm from the payment of these notes. The surrender of these notes and the acceptance of the individual notes of Wishart was done without the consent of Fisher. Subsequently the George S. Jones Company brought suit against Fisher on the note given by him. To this suit the defendant pleaded the facts set up in his affidavit of illegality ; and further, that the plaintiff released defendant from the note and mortgage by a valid written release upon a valuable consideration, executed at the time of taking the notes of Wishart, Mayfield & Mobley, above referred to. For further plea the defendant alleged that the notes last mentioned were delivered to the plaintiff and accepted by it as collateral security, and that the plaintiff having released the notes, this operated to release defendant from the payment of his note. By consent, the illegality case and the suit on the note were consolidated and tried together. Before any evidence was introduced, the defendant, in order to assume the burden of proof, admitted that he executed the note sued on and the mortgage sought to be foreclosed, and that at the time of the commencement of the two suits the plaintiff was the owner of the note and mortgage. At the trial it appeared that the firm of Wishart, Mayfield & Mobley, with the consent of the plaintiff, bought the engine and boiler from the defendant and in payment thereof executed the notes referred to in the defendant's pleas. It further appeared that, some time after the maturity of these notes, McRae, a traveling salesman of the plaintiff, exchanged these notes for the individual notes of R. E. Wishart, a member of the firm. The firm notes were never turned over to Wishart, though McRae agreed to do so. At the date of the trial they were in possession of the plaintiff. In reference to the execution of the firm notes the defendant testified : "I expected the notes of Wishart, Mayfield & Mobley, of course, to pay my notes, and I expected them not to release me from them until those notes were paid. I wrote this letter saying, I do not expect you to relinquish your claim on any of the machinery. That was on October 18, 1890, and before these notes were given. And after the notes were given and he exchanged

them for others, I took the view of it that I was released by that. Of course he waived no claim until these notes were paid." There was no evidence that the firm of Wishart, Mayfield & Mobley were solvent either at the date of the maturity of the notes or at the time the exchange was made for the individual notes of Wishart. At the conclusion of the evidence the plaintiff moved the court to direct a verdict in its favor. Whereupon counsel for defendant offered to amend his plea assuming the burden of proof, as follows: "The plaintiff held the said note and mortgage at the time of filing suit; and this defendant does not admit that said note and mortgage were not paid off. Defendant intended to admit only a prima facie case for plaintiff, just as if the note and mortgage had been put in evidence." The plaintiff objected to this amendment, on the ground that, having made a solemn admission in judicio to obtain the opening and conclusion, defendant could not change his first amendment at that stage of the case. The court sustained the objection, refused to allow the amendment, and directed a verdict in favor of the plaintiff. The defendant excepted, assigning as error the refusal to allow the amendment and the direction of the verdict.

1. It is contended that it was error to direct a verdict in the present case, because there was evidence authorizing the jury to find in favor of the defendant. The defendant's own testimony shows that he did not claim that the taking of the notes of the firm of Wishart, Mayfield & Mobley by the plaintiff released him from the payment of his note. It is, however, contended that the notes of the firm, which exceeded in amount the sum due by defendant to the plaintiff, were taken by the plaintiff as collateral security, and that without the consent of the defendant the plaintiff accepted in lieu of the firm notes the individual notes of Wishart, thereby discharging the other two partners; and that for this reason the defendant is released from the payment of his note. The defendant did not allege in his pleas, nor is there any evidence showing, that any loss was sustained by him growing out of the discharge of Mayfield and Mobley. It does not appear that they were solvent at the date of the maturity of the notes or at the

time that they were discharged from the payment of the same by the taking of the individual notes of Wishart; and there is nothing whatever to indicate that the defendant sustained any damage by the release of the two partners. Wishart is alleged to have been solvent at the time of the surrender of the firm notes, and to have become insolvent after the execution of his individual notes. The defendant does not claim that he was discharged from the payment of his note on account of the insolvency of Wishart, but the defense mainly relied on is that he was discharged by the surrender of the firm notes and the taking in lieu thereof the individual notes of Wishart. The holder of a promissory note as collateral security must use due diligence in collecting the same. Civil Code, § 2963; Lee v. Baldwin, 10 Ga. 208; Cardin v. Jones, 23 Ga. 175; Coulter v. Wyly, 34 Ga. 239; Colquitt v. Stultz, 65 Ga. 305; McLemore v. Hawkins, 36 Miss. 715; Lamberton v. Windom, 12 Minn. 232, s. c. 90 Am. D. 301; Roberts v. Thompson, 14 Ohio St. 1, s. c. 82 Am. D. 465; Trust Company v. Rigdon, 93 Ill. 458; Colebrooke, Col. Sec. § 94. The holder of a promissory note as collateral security stands in the relation of a trustee for the benefit of the principal debtor, and he can not, as a general rule, accept anything except full payment of the collateral, and is not authorized, save in extreme cases, to compromise in any way such collateral. Trust Company v. Rigdon, supra; Wood v. Matthews, 73 Mo. 477; Zimpleman v. Veeder, 98 Ill. 613; McLemore v. Hawkins, supra; Garlick v. James, 12 John. 145. Some courts have held that when the holder of an evidence of indebtedness deposited with him as a collateral releases the same upon any other terms than payment in full, the principal debtor is entitled to a credit for the face value of such collateral. See 18 Am. & Eng. Enc. L. 684, and cases cited in note 5. The better view, however, seems to be that the debtor is entitled to a credit only for whatever loss or damage he has sustained by reason of the wrongful conversion of the collateral by the creditor. Griggs v. Day, 136 N. Y. 152, s. c. 32 Am. St. Rep. 704, and see the notes to that case on page 725; Roberts v. Thompson, supra; Lamberton v. Windom, supra; Trust Company v. Rigdon, supra; Zimpleman v. Veeder, supra; and

see the opinion of Chancellor Kent in Cortelyou v. Lansing, 2 Cai. Cas. 200, also reported in a note on page 296 of 7 Am. Dec. The principal debtor being entitled to claim a credit only to the extent of the amount which he has been damaged by the act of the creditor in converting the collateral, in order to sustain his claim it is incumbent upon him not only to show that the collateral has been converted, but also that he has sustained loss on account of such conversion. The pleas in the present case allege the conversion, but do not allege that loss was thereby sustained. The evidence shows a conversion, but does not show what, if any, damage was sustained by reason of such conversion. Such being the case, there could be no finding in favor of the defendant on this issue, and the court did not err in directing a verdict in favor of the plaintiff.

2. While the right of a party to amend his pleadings is, under the law of this State, very broad and subject to very few restrictions, there are some restrictions upon this right. The defendant in an action on a promissory note is entitled to interpose a plea which admits a prima facie case in favor of the plaintiff, and thus obtain the opening and conclusion. The opening and conclusion in a case is a very important right. See, in this connection, *Abel* v. *Jarratt*, 100 *Ga.* 732; *Lamkin* v. *Clary*, 103 *Ga.* 631. When a defendant obtains this right by assuming the burden of proof and fails to carry this burden, and no other course is open to the court than to direct a verdict against him on his admission, it is not permissible for him to amend his pleading by withdrawing the admission or modifying the same in any way that would require the plaintiff to make out his case. The admission in the pleading is a solemn admission in judicio, and in such cases is conclusive upon the defendant. Civil Code, § 5150. He can not in any way withdraw the admission so as to deprive the plaintiff of the benefit of it. There was no error in refusing to allow the defendant to amend his pleading, nor in directing a verdict against him.

*Judgment affirmed.    All the Justices concurring.*