HOLMES *et al.* v. HOLMES *et al.*

Lewis, J. This court having, at the March term, 1899 (106 *Ga.* 858), decided that the petition of the plaintiffs in this case set forth a cause of action entitling them to a recovery, and the evidence on the second trial having substantially sustained the allegations of that petition, the court erred in directing a verdict for the defendants. There was a conflict in the evidence, and the case should consequently have been submitted to a jury.

Submitted June 20,—Decided July 24, 1901.

Equitable petition. Before Judge Reese. Oglethorpe superior court. December 11, 1900.

*Samuel H. Sibley*, for plaintiffs.

Lewis, J. This case was formerly before this court upon a demurrer to the plaintiffs' petition, which was sustained by the court

below; and the judgment was reversed on the ground that the petition as amended set forth a good cause of action.   See *Holmes* v. *Holmes,* 106 *Ga.* 858.   An examination of the record now before us discloses that the evidence for the plaintiffs sustained the material allegations of their petition.   In fact the judge of the court below seems to have so considered, for he overruled a motion by defendants' counsel to nonsuit the case.   It is true that the defendants introduced evidence tending to contradict that introduced by the plaintiffs.   When the defendants closed, the court directed a verdict in their favor.   This was error.   The evidence was conflicting in many particulars, and the jury should have been allowed to determine its relative weight and credibility.   See, on this point, *Colson* v. *Meyers,* 80 *Ga.* 499; *Bond* v. *Brewer,* 96 *Ga.* 443 (3); *Hall* v. *Worley,* 99 *Ga.* 310; *Thompson* v. *Cody,* 100 *Ga.* 771. There are other grounds in the motion for a new trial, but none of sufficient importance to require discussion here.   We reverse the judgment solely on the ground that the court erred in directing a verdict for the defendants.

*Judgment reversed.   All the Justices concurring.*