982.  SPIRES *v.* SOUTHERN STATES PHOSPHATE & FERTILIZER CO.

HILL, C. J.  1. One who receives promissory notes or other choses in action as collateral security is bound to use ordinary diligence to collect them. Civil Code, §2963; Schoul. Bail. (3d ed. §236); Colebrooke, Col. Sec. §114.

2. Where the maker of a promissory note is sued thereon by the payee, and the defense is set up that the latter failed to collect certain promissory notes pledged with him by the former as collateral security, the defendant must show that the collateral notes were collectible, and that the failure to collect them was due to the negligence of the plaintiff, and that damage resulted therefrom to the defendant. This burden was not successfully carried in the instant case. *Fisher* v. *Jones Co.*, 108 *Ga.* 490 (34 S. E. 172).

3. Under the decision of the Supreme Court in the case of *Mauck* v. *Atlanta Trust and Banking Co.*, 113 *Ga.* 242 (38 S. E. 845), the evidence in the case sub judice demanded the verdict as directed.

*Judgment affirmed.*

Complaint, from city court of McRae—Judge Griffin presiding. December 10, 1907.

Submitted March 11,—Decided May 7, 1908.

The Southern States Phosphate and Fertilizer Company sued Spires on a promissory note. The defendant pleaded that he was entitled to be credited with the amount of certain notes deposited with the plaintiff as collateral security for the payment of the note sued on, and which he alleged the plaintiff had negligently failed to collect, thereby damaging him in that amount. The court, at the conclusion of the evidence introduced on the trial, directed a verdict against the defendant, for the amount sued for; and he excepted.

The note sued on was dated May 11, 1905, and was due in December of the same year. From the evidence it appeared, that collateral notes, due in October of that year, were deposited with the plaintiff as alleged, and were to be collected and the proceeds credited on the defendant's note. Early in the fall of that year the plaintiff sent these notes to the defendant for collection. They were for fertilizer sold by the defendant for the plaintiff. The defendant testified: "I did not collect these, because some of these people had not gotten out their cotton and were back behind some; the crops of 1905 being sorry, most of the farmers got behind; although they were on people who could have made arrangements to pay them ordinarily. They promised to pay me. In the

fall of 1906 I did not have these notes in my charge; the fertilizer people had them, took them away from me . . February 5, 1906, and they never turned them back to me, although if I had them last fall I could have collected all of them before now. . . They all could have been collected before now if the fertilizer people had tried to collect them. I do not know of any effort made by these people to collect them." The defendant testified that after the notes went out of his hands the makers of several of them offered to pay their notes, but, when they found that he did not have the notes to surrender to them, they refused to pay him. "I lost these amounts of these notes by not having them in my hand. . . I was not at that time the agent of the plaintiff to collect these notes, and I did not have the right to take the money. I did not tell the company that these people had offered to pay these notes, or communicate with them in any way about them. . . I said I could have collected the notes, because they were worth the notes and [the notes] could have been collected. I might have had to sue some of them, but I could have collected them. . . I know the company would have turned these notes back to me if I had paid mine. I would have paid mine if they had let me have these notes. They taken these notes away from me, and I didn't bother any more with them." The plaintiff admitted at the trial that the makers of certain of the notes would, if present, testify that they would have paid their notes if the notes had been left in the defendant's possession or control; also that one of these persons paid his note at the time of the trial, except interest, and that he refused to pay the interest, because the plaintiff had the note and he could not get it until the trial. The defendant admitted that the amount then paid had been credited to him. It appeared that when the collateral notes were returned by him to the plaintiff, they were turned over to a bank, which notified each of the makers that his note was there; but they were not collected. Nothing further appears as to why the notes were not paid, or as to any effort to collect them.

*George H. Harris, B. M. Frizzelle,* for plaintiff in error, cited: Civil Code, §2963; 10 *Ga.* 208; 65 *Ga.* 305; 113 *Ga.* 243; 108 *Ga.* 493; 94 *Ga.* 688; 113 *Ga.* 1165.

*W. A. Wooten,* contra, cited: Civil Code, §3802; 105 *Ga.* 235, and cases cited supra.