### 8623.  MILLER *v.* PIEDMONT FERTILIZER COMPANY.

It was not error to sustain the demurrer to the plea, and to direct a verdict in favor of the plaintiff.

DECIDED NOVEMBER 1, 1917.

Complaint; from Murray superior court—Judge Wright presiding. February 20, 1917.

*H. H. Anderson,* for plaintiff in error. *Paul F. Aiken,* contra.

BLOODWORTH, J. The court properly sustained the demurrer to the plea and struck paragraphs 4, 5, and 6 thereof, and did not err in directing a verdict for the plaintiff.

Plaintiff in error relies upon the decision in the case of *Turner* v. *Commercial Savings Bank,* 17 *Ga. App.* 631 (87 S. E. 918). The first sentence of headnote 1 in that case, construed alone, is misleading. Construing the whole headnote together it means: "Where an action is brought to enforce payment of a debt for which collateral security has been given, it is incumbent on the plaintiff either to produce and restore the collateral security, or to account satisfactorily for its non-production," in the event a plea of recoupment is filed which alleges a conversion of the collateral, or that "such collateral was actually deposited, and in which the ability of the plaintiff to produce the collateral is denied." The facts in that case easily differentiate it from the instant case. In that case the body of the note contains this recital: "I hereby transfer to him [the payee] $5,000.00 of the capital stock of Realty Mortgage Co., to secure the payment of this note;" and in his plea in that case the defendant denied the ability of the plaintiff to produce the collateral. In the present case the note sued on is an ordinary promissory note, given by the defendant in May, 1915, with two other persons signing as security, and the note contains no reference to collateral, while the "collateral" referred to in the defendant's plea was notes taken by him in the spring of 1914, and payable to the plaintiff. As a general rule the pledgee is not required to surrender or enforce the collateral before suing on the principal obligation. 31 Cyc. 868 (B). Of course, in certain instances and under proper pleas, a defendant might show a conversion of the collateral, or negligent failure to collect and loss to himself in consequence thereof. Such is not shown in the instant case. See *Fisher* v. *Jones,* 108 *Ga.* 490-494 (34 S. E. 172); *Mauck* v. *Atlanta Trust &c. Co.,* 113 *Ga.* 242 (38 S. E. 845); *Spires* v. *Southern States Phosphate &c. Co.,* 4 *Ga. App.* 323 (61 S. E. 300).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*