## The Central Railroad *vs.* Wolff.

1. After a commission to take interrogatories has been issued, executed and returned, the interrogatories are office papers, and, if lost, a copy may be established *instanter*.

2. The fact that a passenger bought a ticket to pass over various lines of railroads from New York to Macon, Georgia, with coupons attached, and did so pass, may be shown by parol, independently of the ticket, the contents of the ticket not being involved.

3. The value of any article may be shown by the opinion of witnessesf and it is not necessary that such witnesses should be experts. If they have any knowledge of such value, they may give their opinions in respect thereto.

March 10, 1885.

Evidence. Interrogatories. Railroads. Witness. Before Judge Simmons. Bibb Superior Court. April Term, 1884.

Mrs. Bertha Wolff brought suit against the Central Railroad to recover for a spoliation of baggage. Defendant pleaded the general issue.

On the trial, the evidence for the plaintiff was, in brief,

as follows: She packed her trunks in New York and purchased a coupon ticken to Macon, Georgia, via the Piedmont Air-Line, checking her baggage through to her destination. From Atlanta to Macon she went by the defendant's road. On her arrival and the delivery of her trunks, she found them difficult to unlock; and on opening them, she found jewelry to the value of $850.00 missing. She detailed the articles that were gone, stated what some of them cost and the price of articles similar to the others. She then gave the value of these articles, and stated that they were articles of apparel, suitable to her condition in life, except one chain, which she had bought to make a present of.

The defendant introduced no evidence. The jury found for the plaintiff $850.00. Defendant moved for a new trial, on the grounds which are substantially set out in the decision. The motion was overruled, and defendant excepted.

A. R. LAWTON; R. F. LYON, for plaintiff in error.

BACON & RUTHERFORD, for defendant

BLANDFORD, Justice.

The plaintiff in error moved the court for a new trial on several grounds, which was refused, and this refusal is assigned as error.

1. The first assignment of error is that the court erred in allowing plaintiff to establish a copy of the answers of a witness to interrogatories, which were lost, and also in allowing reference to a copy of bill of exceptions, of file in the clerk's office of the court, wherein the lost answers were set out.

Interrogatories, after the commission has issued, and has been executed and returned, are office papers. Code, section 3889. Office papers which have become lost may be established *instanter* upon motion. Code, section 3980. These

sections of the Code contain a full solution of all difficulty embraced in this assignment of error.

2. The next assignment of error is that the court erred in allowing plaintiff to prove that she bought a ticket from New York to Macon, with coupons attached, and that she did ride over said railroads from New York to Macon on said ticket, she not producing the ticket or accounting for it. This question was settled by this court in the case of *Henderson vs. Central Railroad,* decided at the last term of this court.* The testimony was properly admitted in evidence by the court. The fact that plaintiff bought a ticket to pass over various lines of railroads from New York to Macon, with coupons attached, and did so pass, may be shown independently of the ticket. The contents of the ticket is in nowise involved

3. The next complaint is that the court erred in allowing William Wolff to give his opinion of the value of the lost jewelry, he not being an expert. Values of any article of property may be shown by the opinions of witnesses; it is not necessary that such witnesses should be experts; if they have any knowledge of such values, they may give their opinions as to such values.

4. The evidence in this case was ample to sustain the verdict, so there is no error in refusing the non suit or refusing the new trial.

Judgment affirmed.