## Bradley *vs.* Burkett.

1. In an action of complaint in the nature of trover, the plaintiff having elected at the trial to accept an alternative verdict for the property or its value, and the verdict being for the property only, the same was contrary to law. The trial having been conducted on the basis of this election, both parties had rights under the election, and either of them could take advantage, by motion for a new trial, of the defect in the verdict.

2. In trover by a creditor against his debtor, when the property converted was security for a debt, and the title was taken or retained by the creditor for that purpose, the damages recovered cannot exceed the debt with interest thereon. If partial payment has been made, the amount of such payment should be deducted. Any alternative verdict rendered should conform to these limitations.

January 23, 1889.

Trover. Verdict. New trial. Election. Title.

Damages. Conversion. Before Judge HARRIS. City court of Macon. December term, 1887.

Reported in the decision.

J. C. HOWLAND and HARDEMAN & DAVIS, for plaintiff in error.

LOFTON & MOORE, by brief, *contra.*

BLECKLEY, Chief Justice.

1. On the trial of an action of complaint in the nature of trover for a mule, the plaintiff elected to take an alternative verdict for the value of the property, or for the property itself. The case was tried upon that election, and in consequence of the election the question of value was investigated; and it was necessarily involved, because the plaintiff, upon his theory, had retained title to the mule after selling it at a fixed price to the defendant, the retention of title being for security of the price. The court charged the jury that they must render an alternative verdict, but they rendered a verdict simply for the mule, and this is one of the grounds of the motion for a new trial. It is alleged in the motion that the verdict was contrary to the charge of the court, which means, at bottom, that it was contrary to law; and we think it was; because the plaintiff having elected to take an alternative verdict, it was the right of the defendant, as he had purchased the mule, to pay for it and keep it. And the whole trial was conducted upon that proposition on the part of the plaintiff, the proposition being to have pay for the mule, or its return, giving the defendant the option, as the result of this trial, to do either. We think it was the clear right of the defendant to have that option continued to him by the verdict of the jury, especially as the express mandate of the statute

is that the jury in such case shall render a verdict accordingly. The sections of the code applicable to the subject of election are §§3028, 3079, 3563, 3564. *Tuller vs. Carter*, 59 *Ga.* 395.

· A new trial ought to have been granted on this ground. Either party could have had a new trial. The issues submitted to the jury were not all passed upon ; the jury avoided the question of value altogether, and simply decided that the plaintiff was entitled to the mule.

2. Another ground of the motion for a new trial was, that the court charged the jury that they could find the highest proven value from the date of the note to the time of trial. As they did not find any value at all, this charge seems to have been harmless ; yet we think it was not sound law. The parties had fixed the value as between themselves by the contract of sale ; and if there was none of the purchase money paid, the recovery should have been for the amount of the note representing the price, and interest on it. If any of the purchase money had been paid, that of course should have gone in mitigation of damages and the recovery should have been limited to the plaintiff's loss. *Clark vs. Bell*, 61 *Ga.* 147 ; *Horne vs. Guiser Co.*, 74 *Ga.* 791.

Judgment reversed.