FUSSELL *v.* HEARD & FULLINGTON.

1. In an action of trover to recover personal property sold by the plaintiff to the defendant, part of the purchase-price having been paid and a note given for the remainder, which reserved title to the property in the seller and which was not paid when due, a verdict finding "for plaintiff for full amount of note, $250.00 principal, and interest . . . at 8 per cent. per annum," will not be set aside as contrary to law, the finding being clearly authorized by the evidence.

2. The verdict was not for a greater amount than was warranted; the charge as to express and implied warranty was not open to the objection urged against it; and upon none of the grounds of the motion which were argued before this court should a new trial have been granted.

Argued January 26, — Decided February 15, 1904.

Trover. Before Judge Roberts. Irwin superior court. March 21, 1903.

*E. H. Williams* and *J. L. Bankston*, for plaintiff in error.

*J. H. Martin*, contra.

CANDLER, J. The motion for a new trial presents numerous points raised on the trial of the case in the court below, but in the argument here, which, for the plaintiff in error, was by brief, nearly all of these points were abandoned; and, under the well-settled practice of this court, they will not now be considered. This was an action of trover to recover certain live stock which it appeared had been sold by the plaintiffs to the defendant at an agreed price of $500, the defendant paying $250 in cash and giving his note for the balance, in which title to the stock was reserved in the plaintiffs. The note was not paid. In the petition the value of the animals was alleged to be $275. The jury returned a verdict for "plaintiff for full amount of note, $250.00 principal, and interest from May 19, 1898, at 8 per cent. per annum." By consent the court passed an order which in effect amended the verdict so as to make the interest begin on June 19, instead of May 19, 1898, the order reciting that the last-named date was put in the verdict by mistake.

We have no hesitation in holding that the complaint in the motion for a new trial as to the form of the verdict is without merit. "When, in a trover suit for the recovery of personalty sold of which the seller had reserved the title and which had been partly paid for, the plaintiff elects to take a money verdict, the proper amount to be recovered is the unpaid balance of the purchase-money with interest thereon, embraced in one aggregate sum." *Ross* v. *McDuffie*, 91 *Ga.* 121 (3); *O'Neill Mfg. Co.* v. *Woodley*, 118 *Ga.* 114. It is true that in the present case the jury in their verdict did not combine the principal and interest of the note in a lump sum, and that interest was not recoverable eo nomine, but merely as damages for the conversion of the property; but the plain spirit of the law having been followed, and the verdict, in its substance, being exactly in accordance with the principle of law announced in the cases above cited, a reasonable intendment will be given it, and a technical defect in its formal wording will not require the grant of a new trial.

There is no merit in the contention that the verdict was for a greater amount than the sum sued for. Strictly speaking, the suit was not for a sum of money at all, but for the possession of the

property in dispute, and the plaintiff having elected to take a money verdict, the measure of his recovery was, as before stated, the face of the note for the unpaid balance of the purchase-price of the property, with interest thereon. The defendant, having relied on a plea of breach of warranty, can not complain that the judge erred in charging on that subject, and this ground of the motion likewise discloses no reason for the grant of a new trial.

*Judgment affirmed.*　　*All the Justices concur, except Simmons, C. J., absent.*