## 8537.  BENTON et al. v. HARLEY.

JENKINS, J.  1. The proof submitted was sufficiently definite and certain to enable the jury to arrive at the amount of the verdict rendered.

2. In a trover suit for the recovery of property the title to which the plaintiff holds as security for a debt, the measure of damages, where plaintiff elects to take a money verdict, is either the highest proved value of the property between the date of conversion and the trial, or the value of the property at the date of conversion, with interest or hire thereon, subject, however, to the condition that under neither choice can a recovery be had for more than the amount of the debt for which the property stands as security.  Elder v. Woodruff Hardware Co., 9 Ga. App. 484 (71 S. E. 806); Tuller v. Carter, 59 Ga. 395 (2); Mashburn v. Dannenberg Co., 117 Ga. 567 (15) (44 S. E. 97); O'Neill Manufacturing Co. v. Woodley, 118 Ga. 114 (44 S. E. 980); Young v. Durham, 15 Ga. App. 678 (84 S. E. 165); Moore v. Furstenwerth-Uhl Jewelry Co., 17 Ga. App. 670 (87 S. E. 1097); Way v. Bailey, 18 Ga. App. 57 (88 S. E. 799).  We think the reasonable intendment of the portion of the charge complained of in the first and second grounds of the amendment to the motion for a new trial limited the jury to a finding within the amount of the debt; and as it is not made to appear that the verdict found exceeds the amount thereof, the exception taken to this portion of the charge is overruled.

3. The record does not afford a basis for the argument of counsel for the plaintiff in error in reference to the third ground of the amendment to the motion for a new trial.  But if in the portion of the charge here referred to the judge in fact used the word "defendant" instead of "plaintiff," we think the jury must necessarily have understood, from the entire charge, the context, and the sense in which it was used, what was really intended, and could not have been thereby misled or confused.  The remaining ground of the motion for a new trial is without merit.      Judgment affirmed.  Wade, C. J., and Luke, J., concur.
                    DECIDED NOVEMBER 1, 1917.

Trover; from Toombs superior court—Judge Hardeman.  January 31, 1917.

H. H. Elders, Hines & Jordan, for plaintiffs in error.

Giles & Sharpe, contra.