## 17498. LUCAS v. CORNETT.

JENKINS, P. J. 1. "In a trover suit for the recovery of property the title to which the plaintiff holds as security for a debt, the measure of damages where plaintiff elects to take a money verdict· is either the highest proved value of the property between the date of conversion and the trial, or the value of the property at the date of conversion, with interest òr hire thereon, subject, however, to the condition that under neither choice can a recovery be had for more than the amount of the debt for which the property stands as security." *Benton* v. *Harley*, 21 *Ga. App.* 168 (2) (94 S. E. 46); *Levy* v. *American Wholesale Co.*, 32 *Ga. App.* 103 (2) (122 S. E. 808).

2. While it appears, from the evidence, that the demand made in Florida upon the defendant for the property sued for, prior to the filing of the suit in trover, was conditional, it nevertheless further appears from the defendant's own testimony that a subsequent unconditional demand upon him for the property sued for was made in Georgia. Accordingly the charge of the court to the effect that if the plaintiff made a demand upon the defendant for the property, and the defendant refused to deliver the property to the plaintiff and held and used it for his own benefit, there was a conversion under the law, and that the plaintiff would be entitled to recover the value of the property at that time, the plaintiff having elected to take a money verdict, was not error for the alleged reason that no demand had been proved.

3. It appearing, from the evidence, that after the filing of the suit in trover an agreement was made between the plaintiff and the defendant, whereby the defendant agreed to pay the plaintiff a stipulated sum as the value of the property sued for, or, in default thereof, to deliver the property to him, which he failed to do, and it further appearing that a greater balance than this stipulated sum was due on a title-retention note executed by the defendant for the same· property, the verdict for the plaintiff in the amount of this sum, less a payment subsequently made, was supported by sufficient proof of the value of the property. *Levy* v. *American Wholesale Co.*,· supra.

4. The defendant's objection to the introduction of the title-retention note, that it had been transferred to a third person, was properly overr̈uled, it appearing from the plaintiff's testimony that the transfer was made for the purpose of depositing the note as collateral security, and that the debt thus secured had been paid and that the note was the property of the plaintiff.

5. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1926. REHEARING DENIED NOVEMBER 15, 1926.

Trover; from Crawford superior court—Judge Malcolm D. Jones. April 30, 1926.

Application for certiorari was denied by the Supreme Court.

Pledges, 31 Cyc. p. 848, n. 71.
Replevin, 34 Cyc. p. 1508, n. 66.
Sales, 35 Cyc. p. 703, n. 71; p. 707, n. 11.

*Homer Beeland,* for plaintiff in error.

*LeSueur, Garrett & LeSueur,* contra.