22412. GRIFFETH *et al. v.* WILMORE.

STEPHENS, J. 1. Where a conditional bill of sale of personalty, whereby title is retained in the vendor as security for the purchase-money, contains a provision recognizing the right of the vendee to sell the property and pay to the vendor the proceeds derived from such sale, the latter provision does not destroy the reservation of title in the vendor. As be-

tween the parties to the contract, before a sale of the property by the vendee, the title to the property is in the vendor. 55 C. J. 1214. This is not in conflict with anything held in *Clarke* v. *McNatt*, 132 *Ga.* 610 (4) (64 S. E. 795, 26 L. R. A. (N. S.) 585), *Crenshaw* v. *Wilkes*, 134 *Ga.* 684 (68 S. E. 498), or *Mason* v. *Farmers Cotton Oil Co.*, 29 *Ga. App.* 418 (2) (116 S. E. 123).

2. The petition in a suit in trover is subject to an amendment whereby the amount alleged as the value of the property is reduced.

3. In a trover suit against the vendee by the vendor to recover property sold under a contract retaining title as security, the defendant can not set off any payment voluntarily made for the upkeep or preservation of the property, such as payments made for taxes, repairs, and insurance upon the property, where the plaintiff has not authorized such payments and is under no contractual obligation which would make him liable therefor.

4. Where in a suit in trover the defendants filed a plea denying the plaintiff's allegations of title, value, and demand, and further pleaded that they had bought the property and certain real estate under a contract of sale with the plaintiff for an aggregate sum to be paid partly in cash and the remainder in certain instalments, and which contract provided that upon the payment of a stipulated portion of the purchase-money the plaintiff would make to the defendants a bill of sale to the personalty and a warranty deed to the realty, and take from the defendants a deed to the realty to secure the balance of the debt, and that, on failure of the defendants to pay the first instalment on the purchase-price, the amount of the cash payment should be applied as rent for the use of the property, both real and personal, and the contract would be terminated and become null and void, and where the defendants further pleaded that when the first instalment on the purchase-price fell due, the defendants offered to pay the plaintiff the amount due under the contract on condition that the plaintiff would take up an outstanding mortgage on the realty, which the plaintiff refused to do, that the defendants refused to pay the instalment when due, and the plaintiff had no right to rescind the contract for the defendants' failure to make such payments when due, and where upon the trial of the case there was no evidence adduced or offered, tending to show that the defendants had ever tendered to the plaintiff any sum on the purchase-money, and where the defendants nowhere pleaded, as a set-off against the plaintiff's claim, any sum which the defendants may have paid on the mortgage, it was not error to exclude the mortgage from evidence, or to exclude from evidence any payment made on the mortgage by the defendants.

5. Since the written contract of sale which was introduced in evidence and to which the defendants were parties retained title to the personalty in the plaintiff, the court did not err in excluding from evidence parol testimony of one of the defendants that the plaintiff had no title to the property, as this tended to contradict the written instrument and the admission of title in the plaintiff, made by the defendants therein.

6. Although the opinion of witnesses as to value is not necessarily binding upon a jury (Civil Code of 1910, § 5875), yet where upon the trial of a suit in trover to recover the value of personal property which the

plaintiff had sold to the defendants and to which he retained title, it appeared that the defendants paid on the purchase-price a sum of money which, it was agreed, would, in the event of failure to pay the first instalment on the purchase-price when due, be applied as rent on the property, and where the evidence, from the opinion of the witnesses, including the witnesses for the defendants, one of whom was one of the defendants himself, was that the property was worth a sum in excess of that claimed by the plaintiff, plus the amount paid to the plaintiff on the purchase-price, it could be taken, as a matter of law, that the amount which the plaintiff was entitled to recover, if he was entitled to recover, was established as being at least that claimed by the plaintiff. Thus, where the plaintiff sued in trover for the value of an automobile hearse and a number of coffins of the alleged value of $1,000, which, it appeared from the evidence, the plaintiff had sold to the defendants under a contract retaining title thereto as security for the purchase-price, and where it appeared from the testimony of the plaintiff that, in his opinion, the coffins were easily worth $1500 to $2000, and, from the testimony of one of the defendants, that the coffins were of a value of $1137.50, which was the wholesale cost, and that the hearse was worth $1,000, making a value of $2137.50, and where none of the other defendants testified, and none of the property was exhibited to the jury, and there was no evidence whatsoever tending to contradict this opinion evidence as to value, and the amount which the defendants had paid to the plaintiff on the purchase-price of the property was $200, the inference was demanded that the value of the property sued for was at least $1,000, and that the plaintiff, if he was entitled to recover, was, irrespective of whether he was entitled to the $200, entitled to recover $1,000. The direction of a verdict for the plaintiff in the sum of $1,000 was not error upon the ground that the evidence as to the amount of recovery made an issue of fact for the jury.

7. The court did not err in allowing the amendment to the petition, and in sustaining the demurrers to the defendants' plea and to the amendments thereto. The evidence authorized the verdict found for the plaintiff, and demanded the finding for the plaintiff in the amount of the verdict, and no error appears.

    *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

     DECIDED FEBRUARY 20, 1933.

*Rupert A. Brown, Clarence E. Adams,* for plaintiffs in error.

*Erwin, Erwin & Nix, William S. Shelfer, R. Howard Gordon,* contra.