23212. NATIONAL-BEN FRANKLIN FIRE INSURANCE CO. *v.* DARBY.

GUERRY, J. 1. A statement by the owner of an automobile that he instructed an automobile mechanic to put his car in the same condition that it was in before it was burned is not objectionable as being self-serving.

2. Grounds 2, 3, 4, 4a, 5, 7, 8, 11, 12, 13, 14, 15, 16, 17, and 18 of the motion for new trial are without merit. The measure of damage to an automobile by reason of a fire is the difference between its market value before and after the fire, if the difference be caused by the fire. The repairs done thereon are but circumstances to show the amount of this difference.

3. An owner of an automobile is a competent witness to testify as to his opinion of the value of his automobile before and after its subjection to a fire.

4. The conversation had with an adjuster of a fire-insurance company was admissible in evidence, especially when a letter written by him afterwards, declining to pay for the damage caused by the fire was introduced in evidence.

5. The evidence authorized the portion of the verdict which finds for the plaintiff $259.76 principal, but did not authorize the other portion, finding attorney's fees. If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the judgment the sum of $64.75 (attorney's fees), the judgment will be affirmed; otherwise it will be reversed.

*Judgment affirmed, on condition. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 27, 1933. ON MOTION TO TAX COSTS, FEBRUARY 16, 1934.

*Smith, Smith & Bloodworth, M. B. Calhoun,* for plaintiff in error.

*B. P. Jackson,* contra.

### ON MOTION TO TAX COSTS.

GUERRY, J. The judgment in this case was affirmed on condition that defendant in error write off the amount recovered as attorney's fees. Motion is made that this court tax costs for bringing the case to this court upon the defendant in error upon the ground that there has been a substantial modification of the judgment of the court below. We recognize the fixed principle that where the judgment of the trial court has been affirmed by the Supreme Court, with direction to amend the judgment in a designated way, "otherwise it will be reversed," is such a judgment as ordinarily will tax the defendant in error with the costs of bringing the case to this court. This is necessarily true whenever the original judgment has been modified or reduced by the reviewing court. *Long v. Gresham,* 148 *Ga.* 170 (96 S. E. 211), *Scott v. Lunsford,* 141 *Ga.* 73 (80 S. E. 316), and numerous other cases that might be cited in support of this principle. The writer, speaking for himself, thinks it may be well to inquire whether the attorney's fees provided for by the Civil Code, § 2549, are a part of the principal amount of the judgment or are to be considered as costs allowed to the plaintiff by way of penalty for bad faith in refusing to pay. This section of the Code provides that insurance companies "when a loss

occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred," shall be liable for damages and attorney's fees, "provided, it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith." This provision for attorney's fees is no part of the original demand against the insurance company and can not apply until at least sixty days after any loss shall have occurred, and then only can apply when it is made to appear to the jury that the refusal was in bad faith. Such fees can not be awarded except when the matter is brought before a jury for determination. They are not a part of the claim sued on, but may be awarded as costs or smart money. A finding by this court that the evidence is insufficient to show bad faith is not necessarily a modification of the original judgment. If the original amount sued for is unchanged, but only the attorney's fees feature is modified, may it be said that there is a substantial modification of the judgment? Is it a modification of the costs which is within the discretion of the court, and not a modification of the judgment? Section 2549 of the Civil Code, which was § 2140 of the Code of 1895, was construed in the case of Peters *v.* Queen Ins. Co. of America, 182 Fed. 113. The question there involved was one of jurisdiction and removal of causes. A suit was removed from the city court of Moultrie to the Federal court of the Southern District of Georgia. Plaintiff's claim was made up of principal amount on policy of $1500, $375 damages, and $375 attorney's fees. At that time a suit in the State court, in order to be removed to the Federal court, must have been in excess of $2000. Judge Speer, in rendering the opinion on a motion to remand the case to the State court, said: "It is not deemed essential to state the views of the court upon the question whether or not the penalty made possible by the statute is a part of the principal amount involved. It seems the question may be determined upon the inquiry: Does the language of the Code allowing reasonable attorney's fees in the section above quoted, viz., 'all reasonable attorney's fees for the prosecution of the case,' provide for the recovery of such amount as costs or damages? It is insisted that, since costs were unknown to the common law, only such items as are defined by the statute of the State (section 5394 of the Civil Code of 1895) should be regarded as costs. This section relates

exclusively to the costs of witnesses, of the clerk of court, of the justice of the peace, the sheriff, etc., and has no express reference to fees of attorneys. It is, however, true that the word 'costs' has been judicially defined by the Supreme Court of the State as follows: 'The term "costs" has, as applied to proceedings in a court of justice, as in the acceptation of the profession and by the practice of all courts in Georgia, a well-understood meaning. It includes all charges fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause. It does not embrace fees, to which counsel prosecuting or defending may be entitled by contract, express or implied, between them and their clients.' *Davis* v. *State,* 33 *Ga.* 533; *Markham* v. *Ross,* 73 *Ga.* 105. Accepting these deliverances of the State Supreme Court as conclusive, it appears that fees of counsel for their services under contract, express or implied, may not be treated as cost; and, since this item of attorney's fees does not arise from contract, express or implied, but is allowed by statute, the inquiry seems inevitable, must it not be treated as costs?" It was so held. Attorney's fees in notes are fees which arise by contract, and a modification of a judgment awarding such fees is a modification of the judgment on the original contract.

I realize that this court and the Supreme Court have treated the writing off of attorney's fees in a case of like kind as a modification of the verdict and judgment, irrespective of whether it be principal or costs *(Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413, 81 S. E. 120), and have taxed the costs against the defendant in error. The precise question was not raised, in any of the cases so holding, whether such a modification was a modification of the amount of the judgment itself or of the costs thereto attaching. Being bound by the decisions of the Supreme Court on the particular question, it is ordered by the court that the costs of bringing the proceedings to this court be taxed against the defendant in error.

*Broyles, C. J., and MacIntyre, J., concur.*