27593.  COHN *v.* RIGSBY.

Decided October 11, 1939.

N. T. *Anderson Jr.,* for plaintiff in error.

J. L. *Flemister,* contra.

FELTON, J. (After stating the foregoing facts.)

1. "Absolute title is not essential to the maintenance of an action of trover. An interest less than the whole title will be sufficient where it is coupled with lawful possession or an immediate right thereto." *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476, 483 (198 S. E. 217), and cit. The rule that the plaintiff can not recover where he relies on title to recover possession, and his evidence shows that a paramount outstanding title is in a third person, does not apply in such a case as this, in which the plaintiff is shown to have such a connection with the legal title of another as to give her a right of possession as an owner of an interest in the property. *White* v. *Dodson,* 41 *Ga. App.* 436 (1 *a*) (153 S. E. 233).

2. The fact that the wife authorized the husband to store the refrigerator in his own name as his property would not estop her as against the defendant's claim, especially since he does not contend that he relied on this fact. His testimony was that the husband told him that the property was his, and he believed him. Whether the plaintiff would be estopped if her consent that the property be stored as that of her husband had been relied on need not be decided.

3. The plaintiff testified that she had used the refrigerator about a year before it was stored, and that it was as good as new. This testimony was objected to on the ground that the value or condition of the refrigerator at the time of the sale would have to be established by expert testimony, and that plaintiff was not qualified as an expert. The objection was not good as a whole, and was properly overruled. Value and condition, under the facts here, were matters of opinion. The evidence was admissible as against the objection. *Pritchard* v. *Ballard,* 48 *Ga. App.* 532 (173 S. E. 174); *Southern Railway Co.* v. *Richardson,* 48 *Ga. App.* 25 (172 S. E. 79); *National-Ben Franklin Fire Ins. Co.* v. *Darby,* 48 *Ga. App.* 394 (172 S. E. 74, 819); *Gulf Refining Co.* v. *Smith,* 164 *Ga.* 811 (139 S. E. 716); Code, § 38-1708.

4. Evidence that the entire interest in the refrigerator was sold for $70 would not, as a matter of law, preclude the finding that the plaintiff's equity was worth $85. If the husband was selling the property without authority, he might reasonably have offered it at a bargain. This was a jury question, and there was evidence of the purchase-price, which is some evidence of value, one year's use, and condition at the time of storage.

5. The judge was authorized to find that the condition of the refrigerator was practically the same at the time it was put in storage as it was when it was taken out, nothing else appearing.

These are the only questions argued or insisted on. There was no error in affirming the judgment of the trial judge.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*