## 31693. WARREN *v.* THE STATE.

Decided December 5, 1947.

</div>

*Casey Thigpen,* for plaintiff in error.

MacIntyre, P. J. 1. Wilbur Warren was charged with larceny from the house. He was indicted and found guilty; he moved for a new trial, which was overruled, and he excepted.

The goods alleged to have been stolen were: "one three gallon galvanized tin bucket, one one-half gallon measuring pot, made of tin, and three bushels of Brabbon peas shelled, of personal goods of one S. A. Hall, of value of twenty-two dollars, with intent to steal same."

The prosecutor testified in part: "I know Wilbur Warren. In May of 1946 he was working for me for wages. On the 12th day of May somebody broke in my garage where I had some things stored. That was in Hancock County, Georgia. There were taken out of there three bushels of Brabbon peas, which were shelled, and my bucket that I drew gas in, a three gallon galvanized tin bucket, a regular milk bucket. That is all that I could say he got. I suppose he could have got gas and oil but they were in barrels and I couldn't tell. He also got a half gallon measuring pot. I reckon the value of all that stuff was around $22. That was my stuff. I had last seen it in there about two o'clock that Sunday evening; I used it putting gas and oil in my car. This defendant knew that stuff was in there because he went in there, getting gas and oil out of there to put in the

tractor. He helped put the peas there. I missed it about five o'clock that evening when I came back. The house was broken open when I got back. They entered by pulling the staple out of the little lock on there. That was Sunday. On Monday morning when he didn't show up to go to work I went to his house to find out where he was at and his wife said he was gone. I saw these two buckets at his house, the three gallon bucket and half gallon measuring pot were there in his cook room. I don't know who carried them there. I did not find my peas there. That place where I found this stolen property was his house where he was living, and he was gone."

On cross-examination the prosecutor testified: "That bucket was used to draw gas to put in the tractor or my car or anything I wanted to put it in. He operated the tractor. He was in the habit of using that bucket to put gas in the tractor at the automobile house, he was not to carry it off. He had not been using that bucket whenever he pleased but only when he had to put gas and oil in the tractor; he didn't use it for his own use. I found it next morning after it was missing. It was in the cook room of his house, sitting behind the stove. If I hadn't been standing just like I was I would not have seen it. I don't know who put it there of my own knowledge. The measuring pot was there too, in the same corner. I never did find the peas."

The defendant in his statement denied his guilt.

Applying the rule that on the trial of one charged with larceny, where it is shown by the evidence that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact, while it would not require, would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction, the evidence authorized the verdict. *Lewis* v. *State*, 120 *Ga.* 508 (48 S. E. 227) ; *Gravitt* v. *State*, 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63) ; *Morris* v. *State*, 47 *Ga. App.* 792 (171 S. E. 555).

2. The prosecutor, in referring to the value of the goods alleged to have been stolen, testified: "I reckon the value of all that stuff was around $22." The defendant contends: "Failure to introduce positive evidence as to value of the stolen property, was fatal to the State's case and defendant should have been acquitted."

One of the definitions of the word "reckon" in Webster's New International Dictionary, 2 ed, and in Funk & Wagnalls New Standard Dictionary is "to consider or to regard." The word "reckon" used as a colloquialism is often used to indicate the best judgment of the party using the expression, and we think the word "reckon" as here used was sufficient to carry the question of value to the jury, where the evidence was unobjected to and uncontradicted. But even if we adopt the definition of Webster and Funk & Wagnalls, and say that the witness considered or regarded the value of the stolen property to be $22, this, at least, would be an expression of an opinion by the witness of the value of his property with which he was familiar which likewise makes it a question for the jury for even "direct testimony as to market value is in the nature of opinion evidence." Code, § 38-1709. In other words, the question of value is generally a question of opinion. The owner of the stolen articles was here competent to testify as to his opinion of their value. *National-Ben Franklin Fire Insurance Co. v. Darby,* 48 *Ga. App.* 394 (3) (172 S. E. 819).

3. In special ground two the defendant contends that the State failed to distinctly prove that the crime, if any, was committed on the date alleged in the indictment or within the statute of limitation and that this failure was fatal to the State's case.

The record shows that the indictment was found at the September term, 1946, and the prosecutor testified: "In May of 1946 he was working for me for wages. On the 12th day of May somebody broke in my garage where I had some things stored." The prosecutor testified further that some of the articles so stored were taken from the garage by someone and that on the next day thereafter he found in the possession of the defendant some of the stolen articles.

We think the meaning is made clear by the context that the garage was broken into and the goods stolen on the 12th day of May, 1946. We think this ground is not meritorious.

4. Special ground three is neither argued nor mentioned in the brief of the plaintiff in error, and we consider it as having been abandoned.

5. In special ground four it is contended that the trial court erred in failing to charge, even without a written request, fully

upon circumstantial evidence. The court charged: "Direct evidence, gentlemen, is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. To warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis as used in the section of the Code relative to circumstantial evidence, which I have just read to you, refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life." We think this ground is not meritorious.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*