## THOMPSON *v*. NICHOLS.

HAWKINS, Justice. 1. Where, as in this case, the record fails to disclose any objection by the plaintiff in the trial court to the answer of the defendant upon the ground that the answer was not properly verified, but it affirmatively appears that the plaintiff demurred generally to the answer, the lack of proper verification will not be considered by the appellate court as a reason for an affirmance of the judgment sustaining the general demurrer. In such a case it will be held that the plaintiff, by demurring generally to the defendant's answer, waived his right of objection upon that ground. *Field* v. *McElroy*, 47 *Ga. App.* 735 (171 S. E. 300); *Campbell* v. *Gormley*, 184 *Ga.* 647, 650 (192 S. E. 430); *Lee* v. *Holman*, 184 *Ga.* 694 (193 S. E. 68); *Terrell County* v. *City of Dawson*, 172 *Ga.* 403 (2) (158 S. E. 47).

2. Nor can the judgment sustaining the general demurrer attacking the defendant's answer on its merits be sustained, as suggested by counsel for the defendant in error in the brief in this court, upon the ground that the answer was filed more than 30 days after the date of service of the petition upon the defendant, and while the case was in default under the provisions of Code (Ann. Supp.) § 110-401. The proper method of attacking such an answer is by motion to strike the same from the file. *Smith* v. *Champion*, 102 *Ga.* 92 (29 S. E. 160). By demurring generally to the answer without such a motion, the plaintiff waived his objection to the answer upon the ground that it was not filed in time. See, in this connection, *Steadman* v. *Simmons*, 39 *Ga.* 591 (3); *Weslow* v. *J. Peavy & Bros.*, 51 *Ga.* 210; *Dykes* v. *Jones*, 129 *Ga.* 99, 103 (58 S. E. 645); *Mayo* v. *Owen*, 207 *Ga.* 641 (63 S. E. 2d, 649).

3. In this case, the plaintiff relator in a quo warranto proceeding, filed January 16, 1951, sought to oust the defendant or respondent from the office of tax assessor of the City of Decatur upon the ground that the plaintiff's removal from such office was illegal because the City Commissioners undertook on August 26, 1950, to remove him from said office summarily and without cause; that this action on the part of the City Commissioners was without authority for the reason that the charter of the City of Decatur governing the removal of such officers provides that they may be removed by the City Commissioners provided they are given a hearing after charges have been preferred against them, and that no such hearing was afforded the plaintiff, nor were any charges preferred against him as required by the charter (Ga. L. 1909, pp. 768, 769). The answer of the respondent, in paragraph 11 thereof, alleged, among other things, that on August 26, 1950, the City Commissioners adopted a motion that the plaintiff be replaced upon appointment of a successor for tax assessor; that the plaintiff was present at the time, heard all of the discussion, took part in the meeting and discussion, and offered neither objection nor protest; asked that the motion which had been adopted be reread; that

this was done, and that the plaintiff still offered no protest or objection; that, following the adoption of the motion, the plaintiff had never attempted to discharge the duties of the office, had never reported to the office for work, but had acquiesced in the action taken by the Commissioners, and had voluntarily abandoned and surrendered the office to the respondent; that he had stood idly by knowing that the City Commissioners had elected the respondent to the office, and by abandonment of said office had allowed respondent to assume all the duties and obligations of said office without any protest or any warning to the respondent that he claimed to have been wrongfully discharged; that by this conduct the plaintiff has acquiesced in the action of the City Commissioners, and has abandoned the office and has waived any right that he may have ever had to a preference of charges and a hearing. *Held*:

(*a*) Code § 89-501 (7) provides that all offices shall be vacated "By abandoning the office and ceasing to perform its duties, or either." In 43 Am. Jur., 26, § 172, it is said: "The abandonment of an office may be indicated by the action of the incumbent in voluntarily surrendering it to another under a mistaken belief that the latter has been elected as his rightful successor, or even by acquiescing in his own removal." In 67 C. J. S., 231, § 56, the rule is stated as follows: "While acquiescence may be entirely different from abandonment, the abandonment of a public office may result from an acquiescence by the officer in his wrongful removal or discharge; after a summary removal, an unreasonable delay by an officer illegally removed in taking steps to vindicate his rights may constitute an abandonment of the office, and the voluntary surrender of an office to another because of the erroneous belief that such other has been duly elected as successor to the surrendering officer may constitute an abandonment." In *Parkerson* v. *Hart,* 200 *Ga.* 660, 663 (38 S. E. 2d, 397), after pointing out that any office may be vacated by abandonment and by ceasing to perform its duties, it is stated that "No formal words of renunciation are contemplated as being required of the holder of an office where from any cause he ceases to perform its duties." See also Rainwater *v.* State ex rel. Strickland, 237 Ala. 482 (187 So. 484. 121 A.L.R. 981, 986); Nicholas *v.* United States, 257 U. S. 71 (42 Sup. Ct. 7, 66 L. ed. 133).

(*b*) Under the foregoing rules of law, so much of the answer as alleged an abandonment of the office by the relator, and that by his conduct he had waived the filing of charges and an opportunity to be heard before being discharged by the City Commissioners, stated matters of defense which should have been submitted to a jury, and the trial court erred in sustaining a general demurrer and striking the answer upon the ground that "the allegations thereof set forth no defense"; that the allegations "are not germane to the cause in question, are immaterial and irrelevant, mere conclusions of the pleader, and that said answer should be stricken." See *City of Albany* v. *Mitchell,* 81 *Ga. App.* 408, 412 (59 S. E. 2d. 37).

4. The erroneous ruling on the demurrer dismissing the respondent's answer rendered the further proceedings nugatory.

*Judgment reversed. All the Justices concur.*

No. 17465. Submitted May 15 1951—Decided June 11, 1951.

*Thomas B. Branch Jr.,* for plaintiff in error.
*W. Harvey Armistead,* contra.