19767. POWERS *v.* POWERS, Executor.

Duckworth, Chief Justice. Mrs. E. A. Powers, the plaintiff in the lower court and the plaintiff in error herein, brought a petition in equity against A. W. Powers, the executor of the estate of Joseph Powers, deceased, for services rendered to the

widow of the said Joseph Powers who is also now deceased, there being an alleged will probated, in which Joseph Powers bequeathed to his wife a life interest and estate in all his property, real and personal; and in item 4 thereof stated that it was his "will and desire that she use for her own pleasure, benefit and support whatever of the personal property, including money. . ." The services were rendered by the plaintiff to Mrs. Joseph Powers, her mother-in-law, during her last illness, in feeding, caring for, and nursing her. Petitioner alleges that the executor has refused to pay her for such services; that he has attempted to disburse all the remaining assets of the estate without paying her; that he has filed for his discharge as executor, and she has filed objections thereto; that an interpretation and construction of the will is necessary; that she has no adequate remedy at law, and equity, for this reason and for others not stated herein, should take jurisdiction; that the services were accepted by Mrs. Joseph Powers, and it was the testator's intent and purpose that such services should be paid for out of the estate; and that she have judgment for a sum named. The defendant answered denying any indebtedness of the estate. The case was tried before a jury and, after verdict for the defendant, the plaintiff filed her motion for new trial, which was amended to add nine special grounds, complaining of alleged erroneous rulings of the court in admitting evidence, and of the charge to the jury. The exception here is to the denial of the motion upon each and every ground thereof. *Held:*

1. Special grounds 1 and 4 complain of illegal testimony as to a warranty deed and as to the contents of the will. The testimony in regard to the warranty deed is pleaded in the original petition, and an abstract of the deed and a copy of the will are attached to the petition as exhibits. The evidence is not contrary to the contents of the instruments and no harmful error is shown by admitting this testimony, hence these grounds are without merit.

2. Special ground 2 complains of alleged illegal testimony as to the value of the farm conveyed by warranty deed from the father to the son, wherein he reserved a life estate, on the ground that the evidence of value as told to the witness by others was hearsay. Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the

witness is not objectionable for the reason stated. *Gulf Refining Co.* v. *Smith,* 164 *Ga.* 811 (4) (139 S. E. 716). This ground is without merit.

3. The 3rd, 6th, and 7th special grounds except to testimony as to the consideration for an alleged quitclaim deed between the plaintiff's husband and the other heirs of his father, at the time the farm was conveyed to him by his father, whereby he agreed to care for his mother and father as long as they lived, provided the other children would allow him to purchase his father's farm for $4,000. The quitclaim deed was not in evidence. The testimony was objected to on the basis that the highest and best evidence would be the deed itself; that the plaintiff would not be bound by the agreement made by her husband; and that it brought before the jury an issue not in the case. The writing itself is the best evidence of what the instrument contains, and parol evidence is not admissible in the absence of proof of loss or destruction of the deed. *Tilley* v. *Cox,* 119 *Ga.* 867 (1) (47 S. E. 219). The evidence sought to show the plaintiff's husband had agreed for a consideration to care for his mother and father as long as they lived; and while this would bind the husband, it would not affect the wife who is a feme sole, and the court erred in allowing this testimony in evidence since it is not relevant to the issues. Code §§ 53-503, 53-505; *Fortner* v. *McCorkle,* 78 *Ga. App.* 76, 79 (50 S. E. 2d 250).

4. Special grounds 8 and 9 complain of the charge of the court whereby the court stated that it was the contention of the defendant that it was the duty of the husband of the plaintiff to care for his mother, and that for any services the wife performed in compliance with the agreement of the husband, she would not be entitled to any compensation; and that, if the jury believed the services of the plaintiff were performed in compliance with the agreement of the husband, she could not recover. There was no evidence that the wife had performed any services in compliance with an agreement made by her husband, and indeed the evidence of the alleged agreement, as ruled in headnote 3, was illegally in evidence. Hence the court erred in thus charging the jury.

5. For the reasons stated the court erred in denying the amended motion for new trial, and the judgment must be

*Reversed. All the Justices concur.*

ARGUED JULY 9, 1957—DECIDED SEPTEMBER 6, 1957.

*Lee S. Purdom*, for plaintiff in error.
*Gibson & Maddox, George E. Maddox,* contra.