41567.   HOARD et al. v. WILEY.

ARGUED OCTOBER 6, 1965—DECIDED MARCH 17, 1966.

*Floyd G. Hoard,* for appellants.

*Quillian & Quillian, Alfred A. Quillian,* for appellee.

BELL, Presiding Judge. This case affords the court an opportunity to bring into a somewhat better focus a phase of the law which has become confusing and hazy through too many ill-considered opinions originating in the appellate courts. The issue concerns the always elusive question of *value* which, it is safe to say, is present in some manner in a majority of the civil cases litigated.

It is to be observed from the factual summation that the plaintiff, as owner of the goods, testified *without any explanation* that in his opinion the value of the beer "was $200.00 or better." Viewing the quoted testimony in its most favorable light and without considering plaintiff's other testimony on cross examination which gravely detracts from its efficacy, that testimony standing alone would not authorize a verdict in plaintiff's favor for that or any other sum.

When a witness is called to testify as to the value of something, in effect he is asked to estimate or to appraise the worth of the thing. Value means "1. To estimate the worth of; to rate at a certain price; to appraise. . . 2. to place a certain estimate of worth on in a scale of values. . ." Webster's New Twentieth Century Dictionary (2d Ed., c. 1964). Applying the simple meaning of the word it is obvious that it is infrequent indeed when testimony as to value, whether relating to chattels, services, realty, or anything else, amounts to more than an expression of the witness' opinion. Rarely is testimony as to value testimony as to a fact. "Value in its essence is exclusively a matter of opinion. . ." *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716). "After all, every estimate of value is a mere matter of opinion, and this principle is recognized by the courts." *Reidsville &c. R. Co. v. Baxter,* 13 Ga. App. 357, 366 (79 SE 187). This court found no error in a trial judge's charge which stated, "As to what any piece of property might be worth at a given time is necessarily a question of the witness' opinion. . ." *Ward v. Nance,* 102 Ga. App. 201 (6) (115 SE2d 781).

Thus when an opinion is sought from a witness as to the value of a thing, it is necessary that it be shown that the witness has some knowledge, experience or familiarity with the value of the thing or of similar things. This foundation is essential in order to show the bases or the reasons for the witness' opinion as to the value of the thing. In absence of that showing, the testimony is inadmissible and is utterly insignificant since it represents nothing more than an unsupported conclusion or guess of the witness.[1] For that reason, even though testimony of that type be admitted without objection and remain in the record, it cannot support a verdict as it has no probative value. "One need not be an expert or dealer in the article, but may testify as to value, *if he has an opportunity for forming a correct opinion." Code* § 38-1709. "Where the question under examination . . . shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." *Code* § 38-1708. The plain language of our Code sections (supra) precludes an owner from testifying to the value of his goods in a single or gross amount without "giving his reasons therefor" or else showing that he has had "an opportunity for forming a correct opinion." The Georgia courts have generally

---

[1]The rule in Georgia as to the admissibility or probative value of opinions as to value which are based on hearsay has been clouded by an obvious conflict in two fairly recent full-bench decisions of the Supreme Court. See *Powers v. Powers*, 213 Ga. 461 (2) (99 SE2d 818) which states that "Special ground 2 complains of alleged illegal testimony as to the value of the farm conveyed by warranty deed from the father to the son, wherein he reserved a life estate, on the ground that the evidence of value as told to the witness by others was hearsay. Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable for the reasons stated." And see *Harper v. Harper*, 220 Ga. 770, 771 (141 SE2d 403) which holds that "Thus was demonstrated that she testified not from knowledge but from the opinions of others. Her testimony was no stronger than the hearsay upon which it was based, and that means that it was without probative value."

so construed the statutes. See *Baker v. Goddard,* 205 Ga. 477, 482 (53 SE2d 754); *Central Railroad v. Wolff,* 74 Ga. 664; *Cohn v. Rigsby,* 60 Ga. App. 728, 730 (5 SE2d 93); *Firemen's Ins. Co. v. Allmond,* 105 Ga. App. 763, 766 (125 SE2d 545). "Conclusions of witnesses are of no probative value unless the facts on which the opinions are based sustain the opinions rendered." *Gordy Tire Co. v. Bulman,* 98 Ga. App. 563, 564 (106 SE2d 332). But this court has sometimes gone astray. For example, Division 2 of the case of *Warren v. State,* 76 Ga. App. 243 (45 SE2d 726) is in conflict with the statutes and with decisions of the Supreme Court. Therefore *Warren* together with all other cases of this court so holding is expressly overruled. The decision in *National-Ben Franklin Fire Ins. Co. v. Darby,* 48 Ga. App. 394 (3) (172 SE 74) cited in *Warren,* is incomplete and not a fully accurate statement of the rule since it did not include either the necessity that the owner show "his reasons" for his opinion or show he had "an opportunity for forming a correct opinion."

For an excellent annotation in depth on the subject see 37 ALR2d 967-1041. However, it should be pointed out that § 9 of the annotation on pp. 987, 988 has misinterpreted the cited Georgia decisions. This is due, apparently, to the annotator's preoccupation with the erroneous holding in *Warren* which is here overruled.

■ On cross examination the plaintiff testified that the value of five cases of Carlings Black Label Beer, King size, had a value of $29.50 as he had paid that much for it. Without any explanation, even as to the cost price, he valued three cases of Pabst Blue Ribbon Beer at $18. When asked questions regarding the quantities of various kinds of wines for which he sued, the plaintiff testified he did not know the quantities of any kind. He expressed no opinion as to the value of the wines, nor could he have since he admitted he did not know how much he had.

According to the evidence in the record, there is absolutely no showing of value of any of the items for which plaintiff sued.

Testimony as to the cost price of an item of property standing alone is insufficient data upon which to base an opinion as to the value of the thing. *Mills v. Mangum,* 111 Ga. App. 396,

397 (141 SE2d 773). As we construe the holding in *Mangum,* it is twofold. (1) The cost price of an item, if coupled properly with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue, may be admitted as an *element* upon which an opinion may be formed as to the item's value. (2) An opinion as to value based *solely* on cost price is inadmissible as it has no probative value.

It follows that the testimony of the value of the five cases of Carlings Black Label Beer, $29.50, based *solely* as it was on its cost price has no probative value and even though admitted without objection, is insufficient to support a verdict for that amount.

The testimony as to the value of the Pabst Blue Ribbon Beer, $18, where cost price does not appear to have been the basis for the opinion, would not support a verdict for $18 for the reasons stated in Division 1 of this opinion.

■ The trial judge directed a verdict for the plaintiff although the sole issue was the value of property which, by the nature of the property, could only be determined by testimony stating the opinions of witnesses as to its value. Although it has been pointed out in the preceding divisions of this opinion that the evidence was totally insufficient to support a verdict, it is nevertheless essential for a further holding to be entered in the case that the trial judge erred in directing a verdict for the plaintiff.

The question of the value of property is peculiarly one for the jury. Jurors are not required to accept as correct opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion. *Baker v. Richmond City Mill Works,* 105 Ga. 225 (1) (31 SE 426); *Jennings v. Stripling,* 127 Ga. 778 (3) (56 SE 1026); *Martin v. Martin,* 135 Ga. 162 (1) (68 SE 1095); *McCarthy v. Lazarus,* 137 Ga. 282 (2) (73 SE 493); *Finleyson v. International Harvester Co.,* 138 Ga. 247 (2) (75 SE 103); *Hammock v. Kemp,* 146 Ga. 681 (2) (92 SE 57); *Daniell & Beutell v. McRee,* 31 Ga. App. 210 (1) (120 SE 448); *Jefferson v. Kennedy,* 41 Ga. App. 672 (3) (154 SE 378); *Radcliffe v.*

*Jones*, 46 Ga. App. 33 (7) (166 SE 450); *Watson v. Tompkins Chevrolet Co.*, 83 Ga. App. 440 (3) (63 SE2d 681); *Atlantic C. L. R. Co. v. Clements*, 92 Ga. App. 451, 455 (88 SE2d 809). "The evidence relied on to show the reasonable value of the rent of the land was mere opinion evidence, and such questions are always to be determined by the jury, and a verdict ought not to be directed where such evidence is involved." *Bonds v. Brown*, 133 Ga. 451, 455 (66 SE 156).

We are not unaware of statements of this court to the contrary. Thus the first complete paragraph on p. 257 of the case of *Elder v. Woodruff Hardware &c. Co.*, 16 Ga. App. 255 (85 SE 268), contains erroneous statements in part and obiter in part and is specifically disapproved.

■ Defendants filed their answer in this suit in trover after its appearance date, which is thirty days after service of the petition and process. *Code* § 81-201.

The right to open an automatic default within the fifteen-day period provided by *Code* § 110-401 is expressly conditioned upon the payment of costs. The defendants having failed to comply with this condition, the trial court did not err in granting plaintiff's motion to strike defendants' answer. See *Tuten v. Zetterower*, 218 Ga. 230, 233 (126 SE2d 752); *Thompson v. Nichols*, 208 Ga. 147 (2) (65 SE2d 603).

The judgment of the trial court is reversed on the general grounds and on special ground 3 for the reasons stated in Divisions 1, 2 and 3 of this opinion. Special grounds 1 and 2 have no merit.

*Judgment reversed. Jordan, Hall, Eberhardt and Deen, JJ., concur. Felton, C. J., Nichols, P. J., Frankum and Pannell, JJ., concur specially. Bell, P. J., Jordan and Deen, JJ., addendum.*

PANNELL, Judge, concurring specially. I concur in the judgment of reversal for the sole reason that the only testimony as to value (that of the plaintiff himself) did not demand, or authorize, the verdict directed, and this is true regardless of the cases discussed and of the various rules sponsored by the various opinions. The testimony of the plaintiff as to value was contradictory and equivocal, and construed most strongly against him did not authorize the verdict directed. It, therefore, is un-

necessary to affirm or overrule any of the previous decisions of this court discussed and referred to in the opinion and relating to the probative value and legal effect of opinion evidence, and I expressly dissent, for this reason, to the overruling of any of these decisions.

I am authorized to say that Felton, C. J., Nichols, P. J., and Frankum, J., join me in this special concurrence.

EBERHARDT, Judge, concurring. Judge Hall and I are in full agreement with what is held in the majority opinion. However, we do feel that our view as to why *Fulton County v. Bailey,* 107 Ga. App. 512 (130 SE2d 800) (cert. denied) is not in conflict and does not require overruling should be stated.

In that condemnation case the condemnor, whose burden it was to prove what the condemnee should recover for his land taken, introduced one expert witness who testified that the value was $11,500, and rested. At that point the condemnee was placed in the position of electing to accept the value as thus proven or contest it and show by other evidence that it was something else. The condemnee, being content with the value as asserted, accepted it and on the basis of it moved for a directed verdict. When that happened the evidence no longer occupied the status merely of opinion testimony, but rose to a level comparable to that of an agreement, thus eliminating the issue, and a verdict was demanded. While it did not have the technical attributes of an agreement, it was in that general category and the situation became analogous to trover cases brought under sales agreements, conditional sales contracts and bills of sales to secure debt, as in *Fisher v. George S. Jones Co.,* 108 Ga. 490 (34 SE 172); *Moultrie Repair Co. v. Hill,* 120 Ga. 730 (5) (48 SE 143); *Young v. Durham,* 15 Ga. App. 678 (1) (84 SE 165); *Jones v. May,* 27 Ga. App. 152 (1a) (107 SE 897); *Benton v. Harley,* 21 Ga. App. 168 (2) (94 SE 46); *Levy v. American Wholesale Co.,* 32 Ga. App. 103 (2) (122 SE 808); *Griffeth v. Wilmore,* 46 Ga. App. 481 (167 SE 914); and cf. *Fussell v. Heard & Fullington,* 119 Ga. 527 (46 SE 621), and *Citizens Bank v. Shaw,* 132 Ga. 771 (3) (65 SE 81). This would not have been the situation, of course, if there had been any other evidence as to value. Rather, it would have been

a situation similar to *Elder v. Woodruff Hardware &c. Co.*, 9 Ga. App. 484 (71 SE 806), where it was held error to have directed a verdict for the amount due under the security instrument when there was evidence that the property had less value.

The situation in *Fulton County v. Bailey*, 107 Ga. App. 512, supra, a condemnation case, is analogous too, to a situation where the plaintiff in an action has alleged the value of property to be an amount and the defendant in his answer had admitted it. The issue is no longer for the jury. Of course the condemnor in *Fulton County v. Bailey* would not have been entitled to a directed verdict, for as to it there was only opinion testimony before the court and until the condemnee elected to accept and agree with the testimony the issue was one that could only be settled by the jury. There could have been no direction of a verdict until the testimony was raised to a higher status. But when the condemnor offered expert testimony showing one value only, and the condemnee accepted that as satisfactory the parties had, in effect, "fixed the value as between themselves," as in *Bradley v. Burkett*, 82 Ga. 255, 257 (11 SE 492). Because of the peculiar nature of the case and the situation in *Fulton County v. Bailey* it is an exception that will not often occur. It would have no application in the ordinary trover suit or damage action.

BELL, P. J., JORDAN and DEEN, JJ., *Addendum.* It is our view that the case of *Fulton County v. Bailey*, 107 Ga. App. 512, supra, should be overruled as we feel it is in conflict with decisions of the Supreme Court. The majority of the court, however, disagrees.

With respect to the other cases overruled, it is our firm conviction that it is an important duty of the appellate courts to remove from the already far too voluminous body of precedent law all cases which are wrong or else to reconcile or distinguish cases in apparent conflict. It requires more effort on the part of individual judges and the courts to do those things but the continuity of stare decisis demands that it be done. Counsel these days are plagued with reading numerous decisions on practically every point of law researched and appellate courts add immeasurably to counsel's burden by ignoring cases in con-

flict, or as elsewhere suggested in the report of this case, by refusing to take notice of important issues present in a case and taking the easy way out.