RICHARDSON *et al. v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

GILBERT, J. This was an equitable proceeding to set aside a tax sale and to cancel the deeds made in pursuance thereof.

1. Movants complain that the court erred in admitting specified documentary evidence, over appropriate objection, tending to show a bona fide effort by petitioner to redeem the land sold at tax sale in accordance with statutory provision. The petition originally contained allegations to that effect, but the court had sustained a demurrer thereto and such allegations were stricken. *Held,* that the court erred in admitting the evidence over the objections (1) that it was immaterial and irrelevant, and (2) that the pleadings did not so authorize.

2. While a witness was giving, on direct examination, his opinion as to the "market value" of the land, counsel for movants propounded the question: "What do you think it would have sold for cash at a fair market value in July, 1924, in consideration of the hard times?" On objection the witness was not allowed to answer. *Held,* no error. *Central Ga. P. Co.* v. *Mays,* 137 *Ga.* 120, 123 (72 S. E. 900); *Nelson* v. *Atlanta,* 138 *Ga.* 252, 256 (75 S. E. 245); *City of Newnan* v. *Davis,* 145 *Ga.* 380 (89 S. E. 336).

3. It was error to permit a witness for the plaintiff, on direct examination, over appropriate objection, to answer the following question: "If this particular land had been offered to you on the 3rd day of July, 1924, by a man who had a good title and who was in position to deliver the property unencumbered, but was not compelled to do so, what would you have been willing to pay for the property at that particular time?"

It was not material to prove what the witness "would have been willing to pay for the property."

4. The court did not err in refusing to instruct the jury that the "market value" was to be determined by what the land would bring, based on a sale for a "cash consideration or the equivalent thereof."

5. The court did not err in instructing the jury "that the fair market value of property is the value of the property or what the property will bring when offered for sale in the open market by the owner who does not have to sell, but who is willing to sell, and to a party who is able and willing to buy but does not have to buy."

6. The court did not err in instructing the jury as follows: "It is the duty of the levying officer or sheriff, when he is levying a tax execution for the sale of property, to levy on such amount as would be ordinarily and reasonably sufficient, at a fair market value, to satisfy the execution. If he levies on an amount in excess or in gross excess of that amount, that would make the levy voidable at the instance of any party at interest—voidable by any person holding a claim or deed against it, and they would have the right to attack it in that regard; that is, upon the ground that the levy is excessive, if the evidence shows that."

7. The above rulings make it unnecessary to rule upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*

No. 6743. November 16, 1928.

*W. L. Bryan, J. T. Goree, H. G. Rawls,* for plaintiffs in error. *Milner & Farkas* and *R. L. Cox,* contra.