30661. DOBSON *v.* THE STATE.

DECIDED FEBRUARY 6, 1945.

*Joe M. Lang,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

BROYLES, C. J. Ben H. Dobson was indicted under section 26-2809 of the Code for larceny after trust. His demurrer to the indictment was overruled and he excepted to that judgment. The jury returned a verdict of guilty and specified that the defendant should "serve not less than one year and not over two years." A motion for a new trial was overruled and that judgment is assigned as error.

■ The indictment charged a felony, and alleged that Dobson, on October 15, 1940, in Gordon County, Georgia, after having been intrusted by the Sugar Valley Consolidated School District and its trustees, to wit, R. F. Jones, H. E. Harbour, and D. W. White, with the sum of $920 for the purpose of using said money in buying building material with which to erect a school building for said school district, and in erecting said building for said school district, did fraudulently convert said sum of money to his own use, and did otherwise dispose of said money without the consent of said Sugar Valley Consolidated School District and of said trustees of said school district, the owners thereof, and to their injury and damage, and without paying to them the said sum of money or the full market value thereof, and without buying said material, on demand by said school district and by said trustees, orally made by R. F. Jones, one of said trustees. The indictment sufficiently set out the offense of larceny after trust and was not subject to any ground of the demurrer.

■ A special ground of the motion for new trial excepts to the ruling allowing a witness to state, over the defendant's objection, the contents of the written contract entered into by the prosecutor and the defendant. The ground shows that Mr. Jones, while testifying for the State, made the following statements: "The contract was in writing but I do not know where it is. I have made every effort I know of to find it and have been unable to locate it. Yes, the defendant had a copy of it." On cross-examination the witness stated: "When this contract was made, D. W. White, J. M. Muse, H. E. Harbour, I. B. Malone, and myself were on the board of trustees. We were on the schoolhouse steps when it was

signed. I don't remember seeing the contract any more after that, because Mr. Harbour was secretary and the contract was turned over to him. Mr. Harbour had custody of it, and I don't know where it is now at all except what he tells me." The testimony was objected to on the ground that no sufficient foundation had been laid to allow oral testimony as to the contents of the written contract. We think that the objection should have been sustained. The witness testified that the written contract after it was signed was placed in the custody of Mr. Harbour, the secretary of the board. And yet Mr. Harbour was not put upon the stand to state whether or not he was in possession of the missing contract.

Another special ground complains of the following excerpt from the charge of the court: "If you find from the evidence in this case that the trustees of the Sugar Valley Consolidated School District, on or about the date mentioned in the indictment . . turned the sum of $920, or other sum of money, over to the defendant with instructions that it be used for the purpose specified in the indictment, and that the defendant did not use the money for that purpose, but converted it to his own use, then it would be your duty to convict. But if you do not find that to be true, or if there is a reasonable doubt in your mind as to whether or not that is true, then it would be your duty to acquit." The charge is excepted to on two grounds: (1) That the jury were thereby incorrectly instructed that they should convict the accused if they found from the evidence that he had "converted" the money intrusted to him to his own use; and (2) because the jury were incorrectly charged that if they found from the evidence that the defendant had converted to his own use *any* sum of money intrusted to him as alleged in the indictment, he would be guilty of a felony. We think that the charge was erroneous in both respects. "The gravamen of the offense of larceny after trust is the *fraudulent* conversion of the property of another." (Italics ours.) *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63) ; *Lewis* v. *State,* 17 *Ga. App.* 667 (1 b) (87 S. E. 1087). Therefore, the court erred in omitting the word "fraudulent" in the charge. Furthermore, the evidence did not demand a finding that the defendant had fraudulently converted any sum of money intrusted to him, or that he had so converted a sum of money exceeding $50 in value. And it is provided in section 26-2809 of the Code that

where the thing fraudulently converted does not exceed $50 in value "the punishment shall be as for a misdemeanor." It is possible that the jury, if they had been charged, in the excerpt complained of, that part of the section, would have found the defendant guilty of a misdemeanor only. We think that the failure to so charge was error.

Another assignment of error complains of the refusal of the court to allow the accused to elicit testimony showing or tending to show that after the signing of the contract in question the cost of building materials and wages had greatly increased. The contention of the defendant was that solely because of said increases, the money intrusted to him before the rise in prices was insufficient to pay the wages of his employees and to pay for the lumber and other materials required to complete the building; that he had no intent to steal, and did not steal, any of the money or materials intrusted to him. Under the particular facts of this case, we think the refusal to allow the introduction of such evidence was error.

Since there must be another trial of the case because of the above-referred to errors, the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*