## 38882.   KLEIN v. THE STATE.

DECIDED JUNE 14, 1961—REHEARING DENIED JULY 10, 1961.

*A. Tate Conyers*, for plaintiff in error.

*Richard Bell, Solicitor-General, Dennis F. Jones, Assistant Solicitor-General,* contra.

FRANKUM, Judge. ■ In the first special ground of the motion for a new trial, complaint is made because the trial court refused to permit a witness to answer the following question: "Would you give us your opinion as to the amount of money and labor and material and everything else it takes to build the house—that went into that house?" This question was objected to and the witness was not permitted to answer it. In this ground of the motion plaintiff in error showed that if permitted to answer the question, the witness, after qualifying as an expert witness in the field of constructing houses, would have stated that, in his opinion, between 35 and 40 thousand dollars worth of material and labor went into the completed house. In his argument before this court in support of his contention that the witness should have been permitted to give his answer, counsel for the plaintiff in error relied chiefly on two cases, *Garner v. State*, 83 Ga. App. 178 (3), 183-187 (63 SE2d 225), and *Dobson v. State*, 72 Ga. App. 74 (32 SE2d 923). Neither of these cases is in point, as we shall proceed to demonstrate.

The *Garner* case, supra, is distinguishable from this case because in that case the testimony dealt with related facts to which the witnesses testified, and which, if true, were circumstances supporting the theory claimed. There the question was the relevancy of such facts to prove the conclusion sought. The

testimony was admissible if relevant. Here the question relates to the admissibility of *opinion* testimony, and the distinction lies in the fact that the opinion sought to be elicited by the question was as to a matter of fact which could be proved by direct evidence and ought not to be left to proof by the introduction of mere opinion evidence. *Arkansas Fuel Oil Co. v. Andrews Point Co.*, 64 Ga. App. 595 (2) (13 SE2d 738). If the defendant had, in fact, paid out all the money paid to him by the prosecuting witness, he could have introduced direct evidence of the fact that he had paid such money.

Likewise, the case of *Dobson v. State*, 72 Ga. App. 74, supra, is distinguishable by reason of the fact that the testimony sought to be elicited there was not as to a matter of opinion, but related to the fact that prices in general had increased after the signing of the contract in question, and the cost of building materials and wages had so increased as to render the money paid to the defendant inadequate for the job. This testimony related to factual matters as distinguished from the testimony sought to be elicited in this case, which, as already stated, relates to a matter of opinion.

The rule announced by the Code section relating to opinion testimony furnishes the clue to the solution of the issue made by the first special ground of the motion. It clearly states that opinion testimony is admissible where the question under examination, and to be decided by the jury, is one of opinion. *Code* § 38-1708. In the instant case, whether or not the defendant had, in fact, paid out for labor and materials in the construction of the house for the prosecuting witness the full amount of $22,500 paid to him for that purpose, was not a matter of opinion, but a matter of fact which might, by proper evidence, have been demonstrated. The question, as presented by the indictment and the plea of not guilty, was, did the defendant, being a contractor, with intent to defraud, use the proceeds of the payment made to him by the prosecuting witness for the purpose of improving real estate, for any other purpose than to pay for labor or service performed on such improvement, or for material furnished by his order for the specific improvement? *Code Ann.* § 26-2812. This was a question of fact and not

susceptible of proof by the mere expression of opinions by witnesses as to the value of the house actually built. In the instant case, if the defendant did, in fact, pay out all the money received from the prosecutor for labor and materials which went directly into improvements erected on the prosecutor's property, the proof of such fact could have been made by him by the introduction of testimony of the persons to whom such payments were made.

Finally, the question presented by this ground of the motion for a new trial is controlled adversely to the contentions of the plaintiff in error by the ruling of this court in *Arkansas Fuel Oil Co v. Andrews Point Co.*, 64 Ga. App. 595, 598, supra, where this exact question was decided. The ruling in that case was as follows: "It was not error to reject the testimony of a witness offered by the defendant, who, it is claimed, would have testified that in his opinion the reasonable cost for labor and materials in erecting the filling-station would not have exceeded $5,500. The court properly ruled that the question of the cost of the filling-station was factual, not a matter of opinion." An examination of the facts stated in the opinion of that case shows that the issue was: How much had been spent by the lessor of certain real property in erecting improvements thereon for the lessee, the lease contract providing that the lessee would reimburse the lessor for the excess cost of such improvements above $5,000?

It follows from what has been said that the trial court did not err in refusing to permit the witness to give his opinion as to the cost of labor and materials that went into the construction of the prosecuting witness's house.

■ The second special ground of the motion for a new trial complains of the refusal of the trial court to permit counsel for the defendant to elicit testimony from one of the prosecuting witnesses that the owner had been offered $42,500 for the house in question after it had been completed by the defendant. The sole purpose for which this evidence could have been introduced was to prove the value of the house, and it was not admissible for this purpose. *Groover v. Simmons*, 161 Ga. 93, 94 (6) (129 SE 778); *Jones v. Smith*, 206 Ga. 162, 164 (6) (56 SE2d 462). Furthermore, as shown above, the value of the house con-

■

structed by the defendant was not an issue in the case. The trial court did not err in excluding this testimony.

Counsel for the plaintiff in error, in his brief before this court, having expressly abandoned the general grounds of the motion for a new trial, the same are not considered.

*Judgment affirmed. Townsend, P.J., and Jordan, J., concur.*