**41058. STATE HIGHWAY DEPARTMENT v.
BAXTER et al.**

Decided February 23, 1965.

*Eugene Cook, Attorney General, Richard L. Chambers, Assistant Attorney General, F. H. Boney, Deputy Assistant Attorney General, Joe B. Tucker,* for plaintiff in error.

*John E. Wiggins,* contra.

HALL, Judge. On the date the property was condemned, its condition was that of idle farm land. However, the evidence showed that the property was suitable for development as a cemetery, and the condemnee's witnesses appraised it and gave their opinions of the market value of the 4.827 acres of land taken with this use in mind. One of the witnesses, whose testimony is complained of in ground 27, had been a funeral director

for 33 years and in his experience in burying the dead had gained some knowledge about the kind of land suitable for graves, suitable locations for cemeteries, and the size and value of grave lots in cemeteries. He gave an opinion of the market value of the tract of land taken that he had arrived at by ascertaining the number of burial lots it could be divided into and multiplying this number by a price of one burial lot and taking fifty percent of the resulting figure. He testified that he had had *no experience with and knew nothing about* the price paid for any land to be developed for a cemetery.

There was no evidence that this witness had any knowledge of or experience in the business of real estate development, or cemetery development and the costs of improving and caring for cemeteries and sales of burial lots, or that he was a specialist of any kind to qualify him as an expert witness on these subjects.

A witness, though not an expert, may testify to value if it affirmatively appears that he has had an opportunity for forming a correct opinion based on knowledge of the subject matter of the inquiry. *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 4 (76 SE 387, AC 1914A 880). Accordingly, the admission of opinions of non-expert witnesses as to the value of farm land, when the evidence showed that they had some familiarity with the land taken and with the value of lands of the same character, has been upheld. *Central Ga. Power Co. v. Cornwell*, supra; *Central Ga. Power Co. v. Stone*, 139 Ga. 416, 417 (77 SE 565). In these cases the subject matter of the inquiry was the value for farm use of land being so used at the time of taking, and it appears that the witnesses had some knowledge on this subject. It does not follow that a witness who shows that he has had an opportunity to form an opinion of the value of land for its present use, or for another use to which it is suited (use X), may testify as to the value of the land for still another, different use to which the property is suited (use Y) without showing that he has had an opportunity to form an opinion as to value for use Y. Though the witness whom we are discussing in the present opinion may have shown an opportunity to form an opinion as to the value of land when sold as burial lots in a cemetery, he did not show that he had had

an opportunity to form an opinion as to the value of the land as a tract suitable for developing a cemetery—the only use as to which he gave an opinion of value.

Just as an opinion of the value of property for a purpose for which it could possibly be used, when it did not appear that the property was likely to be devoted to such use, was held not admissible for the reason that the basis of evaluating the property for such use was only speculation, *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 418-419, supra, an opinion of value for a suitable use shown by the evidence, when it does not appear that the witness had an opportunity for forming an opinion of value for such use, is only a guess, or speculation, Laureldale Cemetery Co. v. Reading Co., 303 Pa. 315 (154 A 372), and is not admissible. Accord *Livsey v. County of Walton,* 47 Ga. App. 211, 212 (170 SE 268); *Ward v. Nance,* 102 Ga. App. 201, 202 (4) (115 SE2d 781); Stitzer Hotel Co. v. Beyer, 55 F2d 620, 622 (3rd Cir. 1932); 5 Nichols, Eminent Domain 549, § 32.31; 20 Am. Jur. 755, § 897; 32 CJS 461, § 546 (119); State Highway Commission v. Conrad, (N. C.) 139 SE2d 553 (2).

We are not concerned with whether or not the witness whose testimony we are considering had an opportunity to form correct opinions about the *kind* of land suitable for developing a cemetery, or about the value of parcels saleable as burial lots at the time of the taking. There was no evidence that the witness had any knowledge of sales of tracts of land for cemetery development or had other knowledge or information or experience that would give him an opportunity to form a correct opinion of the market value of the land for the potential use of cemetery development. In the absence of such evidence, the trial court erred in determining that the witness was competent to give such an opinion and in refusing to exclude his testimony as to value.

The judgment overruling the motion for new trial must be reversed for this reason, and as the evidence on another trial is not likely to be the same as that on which the other grounds of this motion are based, it is not necessary for us to rule on them.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*