42189. STATE HIGHWAY DEPARTMENT v.
PARKER et al.

SUBMITTED JULY 8, 1966—DECIDED SEPTEMBER 9, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Howard P. Wallace, Deputy Assistant Attorney General, John R. McCannon,* for appellant.

EBERHARDT, Judge. ■ In the first enumeration of error the condemnor urges error in the admission, over objection, of testimony of one of its witnesses while on cross examination concerning the sale price of a lot, removed from that of the condemnee by only one other lot, sold by its owner to an oil company for use in the operation of a retail service station. It appeared that the lot was of substantially the same soil, topography, and the like, located very near that of the condemnee, and that neither had improvements thereon. The witness asserted familiarity with the lot and with the transaction by which the oil company had acquired it. The objections to the testimony were (a) that the witness himself stated that since the lot sold to the oil company was located immediately at an interchange and was suitable for filling station purposes it was not, in his judgment, comparable to the land of the condemnee; that oil companies pay fantastic prices for sites properly located at the interchange which could be used in the operation of filling stations, (b) that it appeared that the sale to the oil company occurred six months after the date of taking.

As the law then stood, there would seem to have been no error in the admission of this evidence. The expert witness was being

cross examined concerning the basis of his opinion as to value, and the condemnee was entitled to have the witness state whether he had considered the sale of nearby property in arriving at his valuation, and whether he deemed the nearby property comparable, and why. While it does appear that the lot sold to the oil company and that which was the subject matter of the condemnation proceedings were not comparable as filling station sites, it does appear that in other respects they were. Explanation of the lack of comparability as filling station sites was made in connection with the statement of the price paid, and the jury could take that into account in evaluating the expert's opinion as to value.

There would be no merit in the objection that the sale to the oil company was made after the date of taking and at a time when values had been enhanced by reason of the coming of the improvement under *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74 (132 SE2d 25).

But attention is directed to the Act of 1966 (Ga. L. 1966, p. 320) amending *Code* § 36-1117 by providing that "In fixing and determining the amount of just and adequate compensation to be paid for property actually taken, consideration shall not be given to any increase or decrease in the value of the property actually taken resulting from the improvements, or the anticipation thereof, in connection with which the right of eminent domain is being exercised." This legislative provision appears to supersede the ruling in *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74, supra, and any cases following it. Thus, if it appears that the value of the property which is the subject matter of a sale, concerning which evidence is elicited as showing the value of property taken, was increased or decreased as a result of the improvement or the anticipation thereof, the evidence would come within the proscription of this Act. This is a matter to which the court should direct its attention on another trial. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780).

■ The second and third enumerations of error are as to the admission, over proper objection, of testimony of the condemnee

concerning the amount of an offer which he received for the land some few months prior to the taking. He testified that he was of the opinion that the land was worth $12,000 per acre, and when asked what he based that opinion on he answered, "I based it on an offer that had been made." There was objection that since he had not qualified as an expert and the unaccepted offer was purely hearsay in nature, his opinion based thereon would not be admissible. The court overruled the objection and permitted the witness to testify further that the offer had been made by Scott Hudgens Company in April, 1962, for $10,000 per acre. On cross examination he testified that he had received no other offer, save that made by the condemnor.

The rulings of the court were specifically made referring to the witness as an expert, but nothing in the record discloses any qualification of the witness as an expert. He owned an undivided interest in the land. An owner, "though a non-expert, [is] competent to testify giving his opinion as to its value after stating the facts upon which his opinion was based. . . *Code* § 38-1708; *National-Ben Franklin Fire Ins. Co. v. Darby,* 48 Ga. App. 394 (3) (172 SE 74); *Cohn v. Rigsby,* 60 Ga. App. 728, 729 (3) (5 SE2d 93); *Isen & Co. v. Wise,* 94 Ga. App. 220, 221 (1) (94 SE2d 98)." *Firemen's Ins. Co. v. Allmond,* 105 Ga. App. 763, 766 (125 SE2d 545). Mere ownership of property does not authorize the owner to testify as to its value without giving the facts on which he bases his opinion. See *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782); *Ricker v. Brancale,* 113 Ga. App. 447 (148 SE2d 468).

"[P]roof of an offer to buy property at a certain price is not competent in the determination of the question of value." *Groover v. Simmons,* 161 Ga. 93, 102 (129 SE 778). Accord: *Central Ga. Power Co. v. Stone,* 139 Ga. 416 (2) (77 SE 565); *Jones v. Smith,* 206 Ga. 162 (6) (56 SE2d 462); *Klein v. State,* 104 Ga. App. 126, 129 (2) (121 SE2d 253); *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (122 SE2d 131); *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 496 (130 SE2d 600).[1]

---

[1]Nor can a witness testify as to what he would be willing to pay for the property. *Richardson v. John Hancock Mut. Life Ins. Co.,* 167 Ga. 340 (145 SE 448). "The statement of a witness

The cases of *Georgia, Fla. &c. R. Co. v. Spivey*, 14 Ga. App. 157 (3) (80 SE 678), and *Bell v. Tucker*, 37 Ga. App. 254 (7) (139 SE 573) must yield to the conflicting rulings of the Supreme Court and will not be followed.

"An owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.' " *Hoard v. Wiley*, 113 Ga. App. 328 (1b) (147 SE2d 782). It must appear that he has some knowledge, experience or familiarity with the value of the thing or of similar things. *State Hwy. Dept. v. Baxter*, 111 Ga. App. 230 (141 SE2d 236). And see *Ricker v. Brancale*, 113 Ga. App. 447 (3), supra. His testimony as to value can have no greater force or effect than the facts upon which his opinion is based. *Marques v. Ross*, 105 Ga. App. 133, 138 (123 SE2d 412).

The testimony of Mr. Parker, one of the owners in this case, falls within the proscription. It was not made to appear that he had any knowledge of or experience with the values of lands in the area where those being condemned were located. He did not qualify as an expert on the subject. He simply testified that he had been offered $10,000 per acre for the land and that, *based upon that offer*, he valued the land at $12,000 per acre.

While the fact that the opinion as to value may rest *partly* upon an unaccepted offer does not render it inadmissible (*Sutton v. State Hwy. Dept.*, 103 Ga. App. 29 (4) (118 SE2d 285); *Fulton County v. Power*, 109 Ga. App. 783 (1) (137 SE2d 474), disapproved on other grounds in 220 Ga. 377 (139 SE2d 312)), if it rests wholly upon the unaccepted offer it has no foundation and is without probative value. Cf. *Harper v. Harper*, 220 Ga. 770, 771 (141 SE2d 403).

---

of the price at which he sold or valued a particular article is not the proper manner of proving the value of that article. Nor is the fact that he would not be willing to sell for a less amount than a certain figure proof that the article is worth the price at which he holds it for sale. . ." *Atlantic C. L. R. Co. v. Harris*, 1 Ga. App. 667, 669 (57 SE 1030). Accord: *Conant v. Jones*, 120 Ga. 568 (5) (48 SE 234); *State Hwy. Dept. v. Moore*, 111 Ga. App. 474, 476 (142 SE2d 120).

Both the testimony as to the amount of the offer and the witness' opinion based thereon were subject to the objections made, and it was error to refuse to exclude the evidence.

■ While an expert who had appraised the land for the condemnor was testifying, he was asked as to whether he was familiar with the sale price of specified property located in the same neighborhood and whether he had considered it as a part of the basis for forming his opinion as to the value of condemnee's property. He answered that he was familiar with the land and had considered it in arriving at his opinion. When he started to relate the sale price as indicated by the revenue stamps placed on the recorded deed, objection was interposed on the ground that the witness must testify concerning the sale price from his own knowledge and not from what might be indicated from the revenue stamps on the deed, and the objection was sustained.

This, too, was error. While an expert witness may state his opinion of value without giving the reasons therefor, it is error to refuse to permit him to give them. *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (2) (140 SE2d 109). Judicial notice is taken of the law requiring the affixing to deeds of revenue stamps at the rate of 55 cents for each $500 of the consideration, exclusive of any lien remaining (26 USCA § 4361), and it is presumed that the revenue stamps affixed were in accord with the provisions of the law.

However, when the same testimony was elicited later in this witness' examination and the same objection was made, the court overruled it and admitted the testimony. Consequently the error, as first made, and to which enumerations 4 and 5 are directed, was harmless.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*